



# EXHIBIT X17

**FILED**
1/12/2026    CVK
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

June 18, 2025:

**1:26-cv-00359
Judge Thomas M. Durkin
Magistrate Judge Gabriel A. Fuentes
RANDOM/Cat. 2**

- FC thru Karen Conti files Motion To Enroll Minor Child in Boarding School in Europe

FILED
6/18/2025 3:45 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B
33215149

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

| | | |
|---|---|---|
| IN RE: THE PARENTAGE OF | ) | |
| EDWARD ENGELS, | ) | |
| Petitioner | ) | |
| | ) | No. 2013 D 80356 |
| vs. | ) | Cal. B |
| | ) | |
| FELIZA CASTRO, | ) | |
| Respondent | ) | |

## MOTION TO ENROLL MINOR CHILD IN BOARDING SCHOOL

Pursuant to 750 ILCS 5/602.7 and 750 ILCS 5/610.5, Respondent, Feliza Castro ("Feliza"), by her attorneys, moves against Petitioner, Edward Engels ("Edward"), for an order allowing the minor child to be enrolled in a Switzerland boarding school, which is in her best interests. In support, Feliza states that:

### SUMMARY OF REQUESTED RELIEF

The parties' minor child, Eliana, is 12 years old and will be entering the 7th grade in the Fall of 2025. Eliana has the incredible opportunity to attend TASIS, a highly regarded boarding school in Switzerland, a school which she has visited and to which she has been accepted. Feliza is willing to pay 100% of the tuition and expenses. This opportunity presents a unique opportunity for Eliana to learn, thrive and experience global culture in a safe, emotionally secure academic setting. And, given the unfortunate and contentious nature of her parents' disputes, enrollment in this school gives Eliana the chance to disengage from the current situation. Feliza is asking this Court to allow Eliana to have this amazing opportunity. For the reasons set forth more specifically below, granting this motion will be in Eliana's best interests and forever alter her academic, social, and emotional trajectory in life.

1

FILED DATE: 6/18/2025 3:45 PM   2013D080356

## ENROLLMENT IN SCHOOL

On March 5, 2024, the Court entered an Agreed Order to Resolve all Pending Motions to Modify as to Allocation of Parental Responsibilities ("Agreed Order"). Paragraph 11 (e) (ii) of the Agreed Order provides that Feliza has sole decision-making for educational decisions as follows:

> "The parties agree and acknowledge their intention to provide their child with the best possible educational opportunities. The parties agree that FELIZA shall be solely responsible for major decisions relating to the minor child's secular education through high school. The parties agree that before a major decision is made regarding education-related issues, they will first inform one another, discuss, and try to reach a mutually-agreed upon decision. If the parties cannot reach a mutually-agreed upon decision, then FELIZA shall make the final decision." (See **EXHIBIT A**).

On June 2, 2025, Feliza sent Edward an email on OFW advising him that Eliana was accepted to the American School in Switzerland, known as TASIS (See **EXHIBIT B**). She described Eliana's desire to attend and offered opportunities for Edward to stay in contact with Eliana while at TASIS and have parenting time with Eliana. Edward responded:

> "Stop gaslighting me. Stop lying. You can copy your home girl Pamela Kuzniar as you call her as much as you wish."

> "I'm dead against it and I will take it up with the judge. You can't even get her to school. What a joke." (See **EXHIBIT C**).

Edward is obviously unwilling to engage in a productive exchange.

## FACTS ABOUT TASIS

TASIS – Why This School Specifically

TASIS offers a distinctive educational environment that aligns beautifully with Eliana's strengths, interests, and long-term goals. She would attend there through high school. Key features that make it an ideal fit include:

FILED
6/18/2025 3:45 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B

FILED DATE: 6/18/2025 3:45 PM  2013D080356

- Multilingual instruction and global curriculum: Eliana has shown a strong interest in languages and global studies. She speak some Spanish and Russian and has studied French for three years. Eliana has traveled to Barcelona, Venice, Rome, Lake Como, Milan, Lugano Switzerland, and Mexico. TASIS offers both AP and IB tracks with language immersion options, and a curriculum designed to cultivate cultural fluency and international awareness.

- Small class sizes and personalized attention: Class sizes are significantly smaller than her current school, allowing for deeper academic engagement and tailored support, which are features upon which Eliana thrives.

- Art, music, and literature programs: Eliana was especially excited to learn about the school's rich arts curriculum and the option to participate in European travel-based academic programs tied to history and culture.

- Structured independence: The boarding/day school model fosters maturity and accountability within a safe, nurturing campus environment.

- Service-based travel: TASIS offers global service trips that take students around the world to engage in community development work in underdeveloped and underserved areas. This will help Eliana develop character, compassion, and real-world awareness through meaningful service.

- In comparison to her current school, TASIS offers stronger international resources, greater cultural exposure, and a more emotionally secure academic setting. These distinctions are central to why we believe this school will allow her to truly flourish.

The following summary outlines how highly regarded TASIS is using the most trusted and

highly-regarded global rankings of international boarding schools:

The Schools Index by Carfax Education
- Overview: An annual publication listing the world's most prestigious private and international schools.
- Reputation: Described by Time Out and other outlets as 'one of the most respected rankings' globally.
- TASIS Inclusion: TASIS is featured in the 2025 edition, recognized for academic performance, facilities, and global ethos.
- Source: https://en.wikipedia.org/wiki/The_Schools_Index

World Schools: Best Boarding Schools in the World
- Overview: A comprehensive guide to top international boarding schools with emphasis on academic and cultural distinction.
- TASIS Inclusion: TASIS is listed among the world's top international boarding schools for its commitment to academic rigor and global citizenship.
- Source: https://world-schools.com/the-best-boarding-schools-in-the-world/

3

FILED
6/18/2025 3:45 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B

FILED DATE: 6/18/2025 3:45 PM   2013D080356

Boarding School Review: Top International Boarding Schools (2025)
- Overview: A trusted site that evaluates and profiles boarding schools worldwide based on curriculum, diversity, and extracurriculars.
- TASIS Inclusion: Featured as a top international boarding school for 2025, noted for excellence in academics and campus life.
- Source: https://www.boardingschoolreview.com/international-boarding-schools

Architectural Digest: Nine Striking Boarding Schools Around the World
- Overview: Highlights the most beautiful and inspiring campuses around the world.
- TASIS Inclusion: Recognized for its stunning hillside campus with views of Lake Lugano and the Swiss Alps.
- Source: https://www.tasis.ch/about/tasis-at-a-glance

Global Services in Education: The Most Elite International Schools in Europe
- Overview: A well-known and trusted source recognized as global leaders in shaping and developing international schools in more than 16 countries across five continents.
- TASIS Inclusion:  TASIS ranked as one of the top 10 most elite international schools in Europe based on its strong emphasis on academic excellence, cultural exchange, and character development, TASIS prepares its students for successful futures in higher education and beyond while instilling a lifelong appreciation for learning and cultural understanding.
- Source: https://www.gsineducation.com/blog/the-most-elite-international-schools-in-europe

## ELIANA'S DESIRE TO ATTEND TASIS

In March, 2025, Eliana traveled with Feliza to Switzerland and visited TASIS, took a tour, and met with students and administration. Eliana has expressed her enthusiasm for TASIS with great clarity and maturity. Two recent quotes stand out:

"I've never felt so excited about school before. I want to be ready for the world, and I know this is where I'm meant to be."

"It's not just about school—it's about becoming myself in a peaceful place, without all the noise."

She handled the school visit with poise, asked thoughtful questions about academics and daily life, and connected with current students who shared their experiences. She expressed particular interest in the French and Italian language offerings and was eager to learn how students balance independence with structure. She was impressed with how their science classrooms were set up and is looking forward to learning more and conducting experiments.  She is also excited about their state of the art

4

FILED
6/18/2025 3:45 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B

performance theater and opportunities to participate in the various dance, drama, and music programs that TASIS has to offer.

## SUPPORT NETWORK ABROAD

Feliza has cultivated a strong support network within the TASIS community and nearby. Feliza and Eliana have met Emily McKee, who would serve as Eliana's academic advisor. Emily and her husband Kevin McKee, the middle school dean, relocated to Switzerland from Indiana with their two daughters, both of whom attended and thrived at TASIS. Knowing that two school administrators from the Midwest are personally invested in her success and understand her cultural background makes Eliana feel welcomed and confident about integrating into the school community. The McKees' daughters have described their transition from Indiana to TASIS as life-changing, which has inspired and encouraged Eliana.

## PARENTING TIME PROPOSAL FOR EDWARD

Feliza understands that Edward will be concerned about his ability to communicate with and spend parenting time with Eliana. In February 2025, he advised Eliana that he would support her desire to attend this school, but now, he has apparently changed his mind and refuses to engage in meaningful discussions about Eliana attending TASIS and his involvement in parenting her. Feliza proposes (and has proposed) the following for Edward:

In-person parenting time:

- Visits at TASIS as often as Edward wants, consistent with Eliana's scheduled activities

- 4 weeks during the summer

- 1 week during winter break

- 1 week during spring break

FILED
6/18/2025 3:45 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B

5

FILED DATE: 6/18/2025 3:45 PM  2013D080356

FILED DATE: 6/18/2025 3:45 PM   2013D080356

<u>Virtual parenting time:</u>

- Twice weekly scheduled video calls (e.g., Wednesdays and Sundays)

- Unlimited contacts initiated by Eliana

- Additional holiday or birthday calls

-Access to school records and administrators (Feliza has already listed Edward as a parent to receive all notices and school communications.)

### <u>COSTS</u>

The costs per year for TASIS, including tuition, travel, books, fees, lodging, etc. is approximately $110,000 per year. Feliza is willing to and has committed the funds to pay 100% of these expenses.

WHEREFORE, Respondent, Feliza Castro, by her attorneys, requests that this Court allow Feliza to enroll Eliana for school at TASIS and make such other provisions that are in the best interests of the minor child.

Respectfully Submitted,
Feliza Castro

By: _____
       Attorney for Feliza Castro

Karen Conti
Conti & Dolan LLC (#59888)
55 W. Monroe Street
Suite 3330
Chicago, Illinois 60603
Tel: (312) 332-7800
kconti@contidolanlaw.com

FILED
6/18/2025 3:45 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B

FILED DATE: 6/18/2025 3:45 PM   2013D080356

STATE OF ILLINOIS )
)  SS.
COUNTY OF COOK )

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the

undersigned certifies that the statements set forth in this instrument are true and correct, except as

to matters stated to be on information and belief and, as to such matters, the undersigned certifies

that she believes the same to be true.

FELIZA CASTRO

Dated: _____ 6/18/25 _____

Karen Conti
Conti & Dolan LLC (#59888)
55 W. Monroe Street
Suite 3330
Chicago, Illinois 60603
Tel: (312) 332-7800
kconti@contidolanlaw.com

FILED
6/18/2025 3:45 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B

# EXHIBIT X18

July 9, 2025:

- FC/Karen Conti files Emergency Motion For Temporary Reassignment Regarding Emergency or Expedited Matter and Motion To Enroll Minor Child in Boarding School

FILED
7/9/2025 2:55 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B
33491336

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

IN RE: THE PARENTAGE OF    )
EDWARD ENGELS,      )
    Petitioner      )
             ) No. 2013 D 80356
  vs.        ) Cal. B
             )
FELIZA CASTRO,     )
    Respondent    )

## EMERGENCY MOTION FOR TEMPORARY REASSIGNMENT REGARDING EMERGENCY OR EXPEDITED MATTER

Respondent, Feliza Castro ("Feliza"), by her attorneys, moves on an emergency basis for

Respondent's Motion to Enroll Minor Child in Boarding School to be temporarily reassigned to

an emergency judge for briefing and hearing, pursuant to Cook County Local Rule 13.2(e)-(f)

and Cook County General Administrative Order 2022 D 12 Amended, and in support thereof,

states as follows:

The parties' minor child, Eliana, is now 12 years old.

This matter is an emergency and/or should be heard on an expedited basis for the following

reasons:

a.  The child is scheduled to commence boarding school at the TASIS school in

Switzerland on August 25-28, 2025.

b.  On March 5, 2024, Feliza was granted sole responsibility for major decisions

relating to the minor child's secular education through high school.

c.  On June 2, 2025, Feliza notified Edward that Eliana had been accepted to attend

the TASIS school;

d.  On June 18, 2025, Feliza filed a Motion to Enroll Minor Child in Boarding School,

which is pending and undetermined before this Court.

1

e. On June 26, 2025, Feliza attempted to present the motion in front of Judge Scannicchio pursuant to valid Notice of Motion and standard scheduling online, appearing via zoom conference, but was informed on that date by the coordinator that the Judge was unavailable on that date, and that Feliza would need to renotice her motion.

f. Again on July 9, 2025, Feliza attempted to present the motion in front of Judge Scannicchio pursuant to valid Notice of Motion and standard scheduling online, again appearing via zoom conference, but was again informed by the coordinator that the Judge was unavailable on that date, and that her unavailability may be ongoing.

g. While Feliza has authority to enroll the child in the TASIS school, Edward's parenting time would need to be modified.

h. This situation constitutes an emergency, or alternatively this matter should be heard expeditiously, due to the risk of harm and severe prejudice to the minor child, should she not be allowed to attend the TASIS school, or should her father's parenting time be unresolved prior to her leaving.

County Local Rule 13.2 (e) and (f) provide in relevant portion as follows:

Expedited Hearing Calendar - The Presiding Judge has the authority to designate one or more judges to an expedited hearing calendar to expedite cases heard in the Domestic Relations Division.

Emergency Calendar
    At the discretion of the Presiding Judge, one of the judges of the Domestic Relations Division shall be designated as an emergency judge on a daily basis.
    Whenever possible, emergency matters should be brought before the judge to whom the case is assigned.

2

iii. If the judge to whom the case is assigned is unavailable, the emergency matter shall be brought before the judge who is designated as the emergency judge for the day.

4. Cook County General Administrative Order 2022-D-12 Amended provides in relevant portion as follows:

"5. Judicial Assignments: Whenever possible, the regularly assigned judge shall preside over the Emergency Motion. If the regularly assigned judge is unavailable, court staff shall coordinate the presentment with the judge assigned to hear matters in that judge's stead before scheduling the matter with the emergency duty judge…

5. The regularly assigned judge in this cause is currently unavailable to hear the matter.

WHEREFORE, Respondent, Feliza Castro, by her attorneys, requests that this cause be temporarily reassigned to an emergency judge for briefing and/or hearing on Respondent's Motion to Enroll Minor Child in Boarding School, and to award Feliza any such further relief as deemed equitable and just.

Respectfully Submitted,

Feliza Castro

By: _____

Attorney for Feliza Castro

Karen
Conti Law, LLC (#59888)
55 W. Monroe Street
Suite 3330
Chicago, Illinois 60603
Tel: (312) 332-7800
kconti@kcontilaw.com

STATE OF ILLINOIS )
                      ) SS.
COUNTY OF COOK )

## <u>VERIFICATION BY CERTIFICATION</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters stated to be on information and belief and, as to such matters, the undersigned certifies that she believes the same to be true.

_____
FELIZA CASTRO

9, 2025

LLC (#59888)
55 W. Monroe Street
Suite 3300
Chicago, Illinois 60603
Tel: (312) 332-7200
kconti@kcontilaw.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE PARENTAGE OF ) 
EDWARD ENGELS, )
             Petitioner )
                        ) No. 2013 D 80356
                        ) Cal. B
     VS. )
                        )
FELIZA CASTRO, )
             Respondent )

**ENTERED**
Jul. 15, 2025
Mariyana T. Spyropoulos
Clerk of the Circuit Court
of Cook County, IL.

DEPUTY CLERK _____ cfs

### ORDER

This matter comes before this Court for presentment of Respondent's Emergency Motion for Temporary Reassignment Regarding Emergency or Expedited Matter and Motion to Enroll Minor Child in Boarding School; Respondent, Feliza Castro appearing though counsel via Zoom; Petitioner, Edward Engels appearing *pro se* via Zoom; the GAL, Pamela Kuzniar appearing via Zoom; the Court being advised;

**IT IS ORDERED THAT:**

1. Feliza's Emergency Motion for Temporary Reassignment Regarding Emergency or Expedited Matter is found not to be an emergency.

2. Edward has 14 days, until **July 24, 2025**, to file a response to Feliza's Motion to Enroll Minor Child in Boarding School which was filed on June 18, 2025.

3. This matter is set for status on the Court's previously scheduled date on **July 30, 2025** at 10:00 a.m. in courtroom 1905.

**ENTERED:**

Dated: July 14, 2025

s\ *Naomi H. Schuster* 1966
**JUDGE**

Karen Conti
Conti & Dolan LLC (#59888)
55 W. Monroe Street, Suite 3330
Chicago, Illinois 60603
(312) 332-7800
Respondent's Counsel: service@contidolanlaw.com
Petitioner: eddie@c2brands.net
GAL: kuzniar@kuzniarsimons.com; kuzniar@haideitech.com; assistant@haideitech.com

# Exhibit- X20

**October 24, 2025:**
FC thru counsel Karen Conti files
Motion for Recusal and Or
Disqualification of Judge Scannicchio.

e. Beermann LLP did not disclose or discuss the Girard suit with Feliza, who did not find out about these suits until Edward raised them in a hearing in February 2025 while Beermann LLP was acting as her attorney.

f. Within weeks of learning about the Girard suit, Feliza no longer felt comfortable with Beermann LLP representing her in front of Judge Scannicchio and decided to terminate Beermann LLP and seek new counsel.

g. Edward continues to allege facts about this subject in his pleadings, including his most recent Motion filed October 6, 2025, in which he alleges:

32. On December 09, 2024 in a court-ordered filing Judge Regina Scannicchio was alleged to be on the payroll of Beermann LLC. (Exhibit 6C)

33. In the same filing Jonathon Steelse (sic) of Beermann LLP is accused of blurting out, "Oh we have Scannicchio- we are good" (Exhibit 6C)

h. While there does not appear to be an Exhibit 6C attached to his motion, Edward alleges that he believes the allegations of the Girard and GW suits to be true and continues to cite them as reasons to vacate orders.

i. While Beermann LLP is no longer Feliza's counsel, Beermann LLP still has a pending Petition for Setting Final Attorney Fees and Costs against Feliza, which is set for hearing on October 28, 2025.

j. Whether Beermann LLP should have informed Feliza about the Girard and GW suits while the firm represented her will be an issue at the hearing of the fee petition.

k. While "a judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge," Judge Scannicchio

permits Edward to convey the impression that Beermann LLP is in a position to influence this Court.

6. Taken together, these actions give the appearance of impropriety.

7. Accordingly, Judge Scannicchio should recuse or disqualify herself pursuant to the Illinois Code of Judicial Conduct.

8. The affidavits of Feliza Castro Morreale and Karen Conti are attached.

WHEREFORE, Respondent, Feliza Castro, requests this Court for:

A. Entry of an order of recusal and/or disqualification by the Honorable Judge Regina Scannicchio;

B. An award of any such other, further relief as equity deems just.

Respectfully Submitted,

Feliza Castro Morreale

By: _Scott A Shell_

Attorney for Feliza Castro Morreale

Scott A. Shell
Conti & Dolan LLC (#59888)
55 W. Monroe Street
Suite 3330

IN RE: THE PARENTAGE OF: )
EDWARD ENGELS, )
Petitioner )
)  No. 2013D080356
vs. )  Cal. B
)
FELIZA CASTRO, n.k.a., )
FELIZA CASTRO MORREALE, )
Respondent )

## AFFIDAVIT OF FELIZA CASTRO IN SUPPORT OF MOTION FOR RECUSAL AND/OR DISQUALIFICATION

I, Feliza Castro, n.k.a. Feliza Castro Morreale, the Affiant, first being duly sworn on oath, deposes and states as follows:

1. I am over 18 years of age.

2. I am the Respondent in the above-captioned case.

3. I have read the facts as contained in the Motion for Recusal and/or Disqualification and I hereby attest that each allegation is true. If called to testify, I would competently and accurately testify to same.

4. I am requesting the relief pleaded in the instant Motion for Recusal and/or Disqualification.

_____
Feliza Castro Morreale

A. Shell
& Dolan LLC (#59888)
Monroe Street
30
Illinois 60603
2-7800
dolanlaw.com

5

# Exhibit- X20

**October 24, 2025:**
FC thru counsel Karen Conti files
Motion for Recusal and Or
Disqualification of Judge Scannicchio.

FILED
10/24/2025 2:44 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2013D080356
Calendar, B
35048817

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE PARENTAGE OF: )
EDWARD ENGELS, )
    Petitioner )
)
    VS. )  No. 2013D080356
) Cal. B
)
FELIZA CASTRO, n.k.a., )
FELIZA CASTRO MORREALE, )
    Respondent )

## MOTION FOR RECUSAL AND/OR DISQUALIFICATION

Pursuant to the Illinois Code of Judicial Conduct of 2023, Respondent, Feliza Castro, n.k.a. Feliza Castro Morreale ("Feliza"), by her attorneys, Conti & Dolan LLC, moves for an Order of recusal and/or disqualification of the Honorable Judge Regina Scannicchio ("Judge Scannicchio") based upon the appearance of impropriety for allegations of close contact and improper influence between her and Beermann LLP, Feliza's prior attorney. In support of her motion, Feliza attaches her affidavit and that of her attorney and further states that:

1. The parties were never married but share one child, namely, Eliana Edwards, currently 12 years of age ("Minor Child").

2. This cause has been the subject of significant litigation since its inception in 2013.

3. Since on or about November 7, 2024, Judge Regina Scannicchio has been the judge assigned to this cause.

4. The Illinois Code of Judicial Conduct of 2023 provides in relevant portion as follows:

CANON 1
A JUDGE SHALL UPHOLD AND PROMOTE THE INDEPENDENCE, INTEGRITY, AND IMPARTIALITY OF THE JUDICIARY AND SHALL AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL OF THE JUDGE'S ACTIVITIES.

. . .

RULE 1.2: PROMOTING CONFIDENCE IN THE JUDICIARY

1

A judge shall act at all times in a manner that promotes public confidence in the independence,* integrity,* and impartiality* of the judiciary and shall avoid impropriety* and the appearance of impropriety.

<u>CANON 2</u>
<u>A JUDGE SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY, COMPETENTLY, AND DILIGENTLY</u>

...

RULE 2.4: EXTERNAL INFLUENCES ON JUDICIAL CONDUCT

...

(C)     A judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge.

RULE 2.11: DISQUALIFICATION
(1)     A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned,..."

5. Judge Regina Scannicchio should recuse and/or disqualify herself based upon the appearance of impropriety for the following reasons:

   a. When Judge Scannicchio was assigned to this case, Feliza was represented by Beermann LLP.

   b. Beermann LLP is no longer Feliza's attorney, as of February 14, 2025.

   c. There has been ongoing litigation against Judge Scannicchio and her alleged involvement with Beermann LLP under both <u>Girard v. Village of Glencoe</u>, 24-C-6882, and <u>GW v. Scannicchio</u>, 1:25-cv-04551, (N.D. Ill.). While <u>Girard v. Village of Glencoe</u> has been dismissed without prejudice, <u>GW v. Scannicchio</u> is still pending.

   d. The allegations contained in those underlying complaints are that Beermann LLP, the law firm representing a woman named Jane Girard, used its influence to manipulate court proceedings in their favor. The suit includes claims of judicial bias, procedural manipulation, and larger accusations of corruption and bribery involving Beermann LLP and Cook County judges, including Judge Regina Scannicchio.

e. Beermann LLP did not disclose or discuss the <u>Girard</u> suit with Feliza, who did not find out about these suits until Edward raised them in a hearing in February 2025 while Beermann LLP was acting as her attorney.

f. Within weeks of learning about the <u>Girard</u> suit, Feliza no longer felt comfortable with Beermann LLP representing her in front of Judge Scannicchio and decided to terminate Beermann LLP and seek new counsel.

g. Edward continues to allege facts about this subject in his pleadings, including his most recent Motion filed October 6, 2025, in which he alleges:

32. On December 09, 2024 in a court-ordered filing Judge Regina Scannicchio was alleged to be on the payroll of Beermann LLC. (Exhibit 6C)

33. In the same filing Jonathon Steelse (sic) of Beermann LLP is accused of blurting out, "Oh we have Scannicchio- we are good" (Exhibit 6C)

h. While there does not appear to be an Exhibit 6C attached to his motion, Edward alleges that he believes the allegations of the <u>Girard</u> and <u>GW</u> suits to be true and continues to cite them as reasons to vacate orders.

i. While Beermann LLP is no longer Feliza's counsel, Beermann LLP still has a pending Petition for Setting Final Attorney Fees and Costs against Feliza, which is set for hearing on October 28, 2025.

j. Whether Beermann LLP should have informed Feliza about the <u>Girard</u> and <u>GW</u> suits while the firm represented her will be an issue at the hearing of the fee petition.

k. While "a judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge," Judge Scannicchio

3

permits Edward to convey the impression that Beermann LLP is in a position to influence this Court.

6. Taken together, these actions give the appearance of impropriety.

7. Accordingly, Judge Scannicchio should recuse or disqualify herself pursuant to the Illinois Code of Judicial Conduct.

8. The affidavits of Feliza Castro Morreale and Karen Conti are attached.

WHEREFORE, Respondent, Feliza Castro, requests this Court for:

A. Entry of an order of recusal and/or disqualification by the Honorable Judge Regina Scannicchio;

B. An award of any such other, further relief as equity deems just.

Respectfully Submitted,

Feliza Castro Morreale

By: _Scott A. Shell_
Attorney for Feliza Castro Morreale

Scott A. Shell
Conti & Dolan LLC (#59888)
55 W. Monroe Street
Suite 3330
Chicago, Illinois 60603
(312) 332-7800
service@contidolanlaw.com

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE PARENTAGE OF:                    )
EDWARD ENGELS,                              )
       Petitioner                           )
                                            )  No. 2013D080356
     vs.                                    )  Cal. B
                                            )
FELIZA CASTRO, n.k.a.,                       )
FELIZA CASTRO MORREALE,                      )
       Respondent                           )

## AFFIDAVIT OF FELIZA CASTRO IN SUPPORT OF MOTION FOR RECUSAL AND/OR DISQUALIFICATION

I, Feliza Castro, n.k.a. Feliza Castro Morreale, the Affiant, first being duly sworn on oath, deposes and states as follows:

1.     I am over 18 years of age.

2.     I am the Respondent in the above-captioned case.

3.     I have read the facts as contained in the Motion for Recusal and/or Disqualification and I hereby attest that each allegation is true. If called to testify, I would competently and accurately testify to same.

4.     I am requesting the relief pleaded in the instant Motion for Recusal and/or Disqualification.

_____
Feliza Castro Morreale

Scott A. Shell
Conti & Dolan LLC (#59888)
55 W. Monroe Street
Suite 3330
Chicago. Illinois 60603
(312) 332-7800
service@contidolanlaw.com

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE PARENTAGE OF: )
EDWARD ENGELS, )
        Petitioner )
         ) No. 2013D080356
vs. ) Cal. B
         )
FELIZA CASTRO, )
        Respondent )

## AFFIDAVIT OF KAREN CONTI IN SUPPORT OF MOTION FOR RECUSAL AND/OR DISQUALIFICATION

I, Karen Conti, the Affiant, first being duly sworn on oath, deposes and states as follows:

1      I am over 18 years of age.

2      I am the Respondent in the above-captioned case.

3      I have read the facts as contained in the Motion for Recusal and/or Disqualification and I hereby attest that each allegation is true. If called to testify, I would competently and accurately testify to same.

I am requesting all the relief pleaded in the instant Motion for Recusal and/or Disqualification.

*Karen Conti*

_____
Karen Conti

Scott A. ??????
Conti & Dolan LLC (#59888)
55 W. Monroe Street
Suite 3330
Chicago, Illinois 60603
(312) 332-7800
service@contidolanlaw.com

# EXHIBIT 8

---------- Forwarded message ----------
From: **Linda Epstein** <lindaepsteinlaw@gmail.com>
Date: Thu, Jun 15, 2023 at 11:00AM
Subject: Re: Re- read what I wrote Linda
To: Pamela Kuzniar <kuzniar@kuzniarsimons.com>, Pamela
Kuzniar <Kuzniar@haidteich.com>, Dean Taradash
<deanotaradash33@gmail.com>
Cc: taradash@taradashgiven.com<taradash@taradashgiven.com>

**So she did not respond to me because she thought I did not include BOTH of you, but she had NO ISSUE letting you both speak to her even though you told her I could not appear. That makes a lot of sense to me now. Now I get it.**

I am upset and think the worst because of what you both did.

Because you both appeared in a case where I bring a court reporter to court every time and NEVER emailed me that you intended to appear when I said I could not.

Neither one of you emailed me and said, we are going to appear anyway Linda.
Linda , we are signing on anyway, even though you said you could not appear.
Is that why you appeared without me? To ensure we had a hearing on our motion to restrict her from taking Eliana to Spain. I know you are so concerned about my motion and my hearing date and wanted to ensure that we were heard. You could not even state an opinion about the trip other than you would ask Dr. Finn.

Because you both appeared and spoke about this case without me. Without my consent for you to do so. I cannot even understand this at all.
That the Judge allowed you to speak to her outside my presence when I said I could not appear at that date and time, and both of you did not seem to care at all.

I am unclear why you cannot understand why I am upset. I informed both of you I was signing on to speak to her to try to ascertain what happened, because I did not even get the courtesy of an email telling me that you appeared after you both did with what happened. Instead, you email the court and include me so I had to try to figure it out.

I want answers to my specific questions.

That is what I want. Did you both tell her that I gave consent for you both to appear and discuss this case outside of my presence.

I definitely want to know an answer to that question.