**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD ENGELS, on behalf of himself and Minor child E.R.E, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:26-cv-00359 |
| | ) | Hon. Georgia N. Alexakis |
| FELIZA CASTRO, ROSS MORREALE, PAMELA KUZNIAR, DR. DAVID FINN, THOMAS FIELD, JONATHON STEELE, and HON. PAMELA E. LOZA | ) ) ) ) ) | |
| Defendants. | ) ) | |

**<u>DEFENDANT, DAVID FINN, PSY.D'S, MOTION TO DISMISS
PLAINTIFF'S EMERGENCY MOTION FOR TRO</u>**

Defendant, DAVID FINN, PSY.D. ("Dr. Finn" or "Defendant"), through his attorneys, Kevin

M. Bugos, Sarah E. Knoll, and SMITH BLAKE HILL, LLC, and for his Motion to Dismiss

Plaintiff's Emergency Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil

Procedure 12(b)(6), Federal Rule of Civil Procedure 65, Federal Rule of Civil Procedure 19, quasi-

judicial immunity, and the Statute of Limitations, states as follows:

**I.      INTRODUCTION**

*Pro se* Plaintiff, Edward Engels, brought suit against seven separate defendants, including

court-appointed evaluator, Dr. Finn, in the form of a temporary restraining order, alleging that his

constitutional rights were violated during a state court child custody dispute that began twelve

years ago. Plaintiff's Temporary Restraining Order ("TRO") purports to state claims pursuant to

Federal Rule of Civil Procedure 65, the First Amendment, and the Fourteenth Amendment.

However, Plaintiff's claims should be barred pursuant to Federal Rules of Civil Procedure

12(b)(6), 19, 65 as well as Dr. Finn's protections under the theory of quasi-judicial immunity and the Statute of Limitations.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and allows a defendant to contest a plaintiff's pleading for failing to state a claim upon which relief can be granted. If plaintiff fails to allege sufficient facts to state a cause of action, the complaint may be dismissed. Even under the more lenient pleading standard provided to *pro se* litigants, if the facts as alleged in a complaint fail to state a plausible cause of action, then the cause should be dismissed. *Rufus v. City of Chicago*, No. 18 C 7753, 2021 U.S. Dist. LEXIS 53364, at *5 (N.D. Ill. Mar. 22, 2021); *Jones v. Saint Mary's Hospital*, No. 3:17-cv-00060, 2017 U.S. Dist. LEXIS 227115, at *2 (S.D. Ind. Apr. 25, 2017). "While courts construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers, the court need not credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Rufus*, 2021 U.S. Dist. LEXIS 53364, at *5.

Dismissal under Fed. R. Civ. P. 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. *Hollander v. Brown*, 457 F.3d 688, 690 (7th Cir. 2006). Further, Courts should resolve issues related to immunity at the earliest point in litigation. *Hunter v. Bryant*, U.S. 224, 227 (1991).

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. Fed. R. Civ. P. 65. Injunctive relief under a TRO is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have a request granted. *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). To establish its right to a TRO

under Rule 65(b), a moving party must demonstrate that "immediate and irreparable injury, loss, or damage will result" unless a court issues the order. Fed. R. Civ. P. 65(b). "[I]rreparable injury" is "harm that cannot be undone, such as by an award of compensatory damages or otherwise." *Salt Lake Tribune Publ. Co. v. AT&T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003) (citing *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d at 355). A moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008).

### III. ARGUMENT

#### a. Plaintiff Fails to Bring an Actionable Complaint and/or an Actionable TRO with Respect to Dr. Finn According to Federal Rule of Civil Procedure 19.

Plaintiff titles his applicable pleading as an "Emergency Motion for TRO," also including in the case caption that the document (ECF No. 13) serves as his Complaint and jury demand. Plaintiff has not yet filed a sufficient Complaint with sufficient allegations towards Dr. Finn, or any of the Defendants for that matter. Rather, Plaintiff seeks a TRO, specifically requesting a court order preventing his minor daughter's mother and her partner from taking his minor daughter to a school outside of the United States. Plaintiff asserts that Dr. Finn is involved due to his court-appointed status in performing a custody evaluation in July of 2023. Even though Plaintiff's Motion is insufficient to serve as a Complaint on its face, he also fails to meet the high burden of a TRO, specifically with regard to Dr. Finn.

In Illinois, TROs require that the parties named be necessary to the action.

"'A necessary party is one whose participation is required to (1) protect its interest in the subject matter of the controversy which would be materially affected by a judgment entered in its absence; (2) reach a decision protecting the interests of the parties already before the court; or (3) allow the court to completely resolve the controversy.' An order entered without jurisdiction over a necessary party will be void. The failure to join a necessary party may be raised at any time: by the parties or by the trial court or by the appellate court *sua sponte*."

*Certain Underwriters at Lloyd's London v. Burlington Insurance Co.*, 2015 IL App (1st) 141408, ¶ 15, 394 Ill. Dec. 824, 37 N.E.3d 303 (quoting *Zurich Insurance Co. v. Baxter International, Inc.*, 275 Ill. App. 3d 30, 37, 655 N.E.2d 1173, 211 Ill. Dec. 790 (1995), *aff'd as modified*, 173 Ill. 2d 235, 670 N.E.2d 664, 218 Ill. Dec. 942 (1996)). Additionally, Federal Rule of Civil Procedure 19 dictates when parties are required to be joined to a particular action.

Here, Dr. Finn is not a necessary party and therefore should not be included within Plaintiff's Emergency Motion for TRO. Dr. Finn performed his court-appointed custody evaluation in July of 2023. Since that time, Dr. Finn has not had any involvement in the proceedings taking place between Plaintiff and his minor daughter's mother. Dr. Finn is a completely unnecessary and irrelevant party at this time as his court-appointed duties have already been completed. Plaintiff's decision to seek a TRO necessitates that some future action be taken by the parties that Plaintiff is attempting to prevent. Here, Dr. Finn has no future involvement that must be prevented from occurring.

In fact, Plaintiff's only allegations against Dr. Finn, which are not even specific to him, as discussed below, refer to alleged past actions that took place. Further, under Plaintiff's Count VI, specific to injunctive relief, Plaintiff only states he seeks "narrowly tailored injunctive relief restricting "Defendants" from engaging in retaliation, enterprise activity, intimidation, or interference with federal rights," with nothing specific regarding Dr. Finn. (*See* ECF No. 13 ¶ 110). Therefore, while Plaintiff fails to bring an actionable Complaint, he should also be denied relief in

4

the form of a TRO with respect to Dr. Finn, as Dr. Finn is not a necessary party and has no future involvement.

### b. Plaintiff Fails to State a Claim Against Dr. Finn.

Dr. Finn contends Plaintiff has failed to distinguish which Defendant is accused of violating Plaintiff's Constitutional rights, or how exactly his rights were violated and require a TRO by each Defendant. Under Plaintiff's "Cause of Action" title (*see* ECF No. 13 ¶ XIII), Counts 1 and 3 are directed towards six defendants, including Dr. Finn, with no further specifications regarding any of their individualized actions. Additionally, Counts 2 and 4 only use the blanket term "Defendants," applying the same uniform allegations to them all, with no detail as to Dr. Finn's actions or involvement. As there are a variety of named Defendants in Plaintiff's Complaint with vastly different roles, it is impossible to distinguish what specific claims are being made against Dr. Finn.

Understanding which Defendant is being accused of which allegation is critical in order to properly respond to Plaintiff's allegations. Without clear pleadings, Dr. Finn is left to speculate as to allegations of wrongdoing and Constitutional violations directed at him. In attempting to engage and defend against the allegations in *pro se* Plaintiff's TRO, this Defendant does not acquiesce to the form or substance of the pleadings. Rather, Defendant contends Plaintiff's TRO fails to comply with the Federal Rules of Civil Procedure and fails to state facts which give rise to cause of action even when viewed in the light most favorable to *pro se* Plaintiff. Accordingly, Plaintiff's Motion for TRO should be denied with all claims against Dr. Finn being dismissed.

### c. Plaintiff's Claims are Barred by Dr. Finn's Quasi-Judicial Immunity.

In the event Plaintiff's form of pleading is allowed by the Court, Plaintiff's claims against Dr. Finn are barred by absolute quasi-judicial immunity, which offers immunity to officers

performing orders of a judge or court. The Seventh Circuit has extended the judicial immunity doctrine, discussed supra, to "[n]on-judicial officials whose official duties have an integral relationship with the judicial process […]." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); see also *Kincaid v. Vail*, 969 F.2d 594, 600-01 (7th Cir. 1992). "Non-judicial officials," like Dr. Finn, "are entitled to 'quasi-judicial' immunity, that is, 'absolute immunity for their quasi-judicial conduct.'" *Erkins v. Brown*, No. 15 C 6235, 2016 U.S. Dist. LEXIS 73803, *10-11 (N.D.Ill. Jun. 7, 2016), quoting *Henry*, 808 F. 2d at 1238. "The general purpose of quasi-judicial immunity is 'to prevent court personnel and other officials from becoming a lightning rod for harassing litigation aimed at the court.' *Id*., quoting *Richman v. Sheahan,* 270 F.3d 430, 435 (7th Cir. 2001) (quotations and citation omitted).

Plaintiff alleges himself that Dr. Finn was "court-appointed" to perform a custody evaluation. State and Federal courts have held that court-appointed custody evaluators are protected under quasi-immunity, as they act as "arms of the court". *Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001); *Gunderson v. Markos*, No. 17 CV 5139, 2018 U.S. Dist. LEXIS 235263, at *7 (N.D. Ill. Jan. 23, 2018). By following a court's order, custody evaluators fulfill a "quasi-judicial role at the court's request." *Id*. The Seventh Circuit has made clear that "[t]he proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution. *McNease v. Laldee*, No. 19-cv-7280, 2021 U.S. Dist. LEXIS 51136, at *8 (N.D. Ill. Mar. 18, 2021); *quoting Henry v. Farmer City State Bank*, 808 F. 2d 1239 (7th Cir. 1986).

Here, all of the allegations, which cannot fully be distinguished, against Dr. Finn relate and arise solely as part of him acting in his court-appointed capacity. None of Dr. Finn's actions would have been taken absent being appointed to the role of custody evaluator and acting in that capacity

6

on behalf of the Court. Plaintiff attempts to argue initially that Dr. Finn's actions, along with every other Defendant, are not protected because he was engaging in extrajudicial conduct. However, these arguments are not specific to Dr. Finn's actions and do not alter the fact that his court-appointed duty was his sole involvement in the Plaintiff's purported case. The mere fact that Plaintiff disagrees with Dr. Finn's actions and characterizes the outcome as some sort of "concealed coordination" does not void Dr. Finn's entitlement to absolute quasi-judicial immunity. Accordingly, Dr. Finn, who was ordered by the court to perform a custody evaluation, was acting as an arm of the court, and is thus immune from liability in this case. Therefore, Plaintiff's claims against Dr. Finn must be dismissed.

### d. Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine, "an important foundation for the division of power between federal and state courts," *Hadzi-Tanovic v. Johnson,* 62 F.4th 394, 399 (7th Cir. 2023), bars Plaintiff's claim. "The doctrine imposes a 'jurisdictional bar' that prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments." *Id.,* citing *Andrade v. City of Hammond,* 9 F.4th 947, 948 (7th Cir. 2021). *Rooker-Feldman* bars direct challenges to state court judgments as well as claims that are "inextricably intertwined with one." *Id.* Here, Plaintiff's claims center on state-court child support proceedings. *See* ECF No. 13 at ¶ 6. Plaintiff attempts to state that he does not seek review or reversal of any state court proceedings, based on the fact he filed a Motion for TRO. However, the TRO is based solely on preventing his minor daughter's mother from leaving the country with her, after acknowledging the "underlying court proceedings". *Id.* While Plaintiff attempts to distinguish this argument from one of review of state court proceedings, they are undoubtedly inextricably intertwined. Any removal of Plaintiff's minor daughter from this country to another would implicate child custody and parenting time. To the extent Plaintiff seeks relief from any state court judgment or complains of

7

actions or omissions inextricably intertwined with a state court judgment, this Court has no jurisdiction to review decisions of the state court civil proceedings and Plaintiff's claims should be dismissed. *Exxon Mobil Corp.,* 544 U.S. 280, 284 (2005); *Gilbert v. Ill. Bd. of Educ.,* 591 F.3d 896, 900 (7th Cir. 2010).

### e. Plaintiff's Claims are Barred by the *Younger* Abstention Doctrine.

Alternatively, this Court should decline to hear Plaintiff's claims pursuant to the *Younger* doctrine. *Younger v. Harris,* 401 U.S. 37, 44 (1971). A federal court should apply the *Younger* abstention doctrine when there is a parallel, pending state court proceeding and federal court rulings would implicate the State's interest in enforcing its own state court orders and judgments. *See Sprint Comm. Inc. v. Jacobs,* 571 U.S. 69, 72-73 (2013). Originally, *Younger* required federal court abstention only when there was a parallel, pending state criminal proceeding. *Id.,* at 72. The Supreme Court, however, has extended federal abstention to civil proceedings that implicate a state's interest in compelling and enforcing compliance with its own civil orders or judgments. *Id.* at 72-73; *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11 (1987). This would include not only civil enforcement proceedings, but also "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint,* 571 U.S. at 73.

This is applicable in Plaintiff's Cook County case, where there remains the potential for future proceedings so long as Plaintiff owes child support or challenges a child custody order. Indeed, as Plaintiff alleges, his TRO is based solely on his minor daughter being removed from the United States, clearly impacting his parenting time. Federal interference with these parallel state court proceedings and enforcement actions is precisely what the *Younger* doctrine is intended to prevent.

Further, principles of comity, equity, and federalism suggest that it is proper for this Court to abstain from exercising jurisdiction over Plaintiff's claims. *J.B. v. Woodard,* 997 F.3d 714, 724 (7th Cir. 2021) (abstaining from exercising jurisdiction even when *Younger, Rooker-Feldman, Burford,* and domestic relations abstention doctrines were not a perfect fit). "[F]ederal courts may decline to exercise jurisdiction where denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Courthouse News Serv. v. Brown,* 908 F.3d 1063, 1071 (7th Cir. 2018). This Court should deny Plaintiff's TRO and dismiss all claims with prejudice pursuant to the above abstention doctrines and general principles of comity, equity, and federalism.

### f. Plaintiff Fails to State an Equal Protection Claim.

In Count 2 of Plaintiff's TRO, Plaintiff cites the Equal Protection Clause of The Fourteenth Amendment and states, "Defendants engaged in unlawful, extrajudicial discriminatory treatment toward Plaintiff by selectively enforcing rules, concealing evidence and applying different standards to Plaintiff than to similarly situation Defendant Feliza Castro." ECF No. 13 at ¶ 97. In order to prevail on an equal protection claim, Plaintiff would have to show either that he was a member of a protected class or that he was denied a fundamental right. *Srail v. Village of Lisle*, 588 F. 3d 940, 943 (7th Cir. 2009). Plaintiff claims he was discriminated against in the following ways: excusing Castro's failed and missed drug tests; suppressing expert findings favorable to Plaintiff; imposing punitive burdens on Plaintiff not imposed on others; manipulating evidence through private coordination, and; treating Plaintiff differently based on "favoritism, retaliation, or enterprise affiliation." ECF No. 13 at ¶ 98. Nothing listed by Plaintiff shows he was part of a protected class or denied a *fundamental* right. Further, as stated above, Plaintiff makes no specific reference to Dr. Finn within this count. *Iqbal* and *Twombly* require that a plaintiff, even a *pro se* one, allege facts that raise

9

claims beyond conclusion and speculation into the realm of plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007).

Failing to meet these standards, Plaintiff only mentions the all-encompassing term, "Defendants" within his Equal Protection Count. Therefore, Plaintiff has not proved his position to make an Equal Protection claim and, regardless, makes no allegations specific to Dr. Finn. Thus, Plaintiff's Count 2 fails to state a claim and must be dismissed.

### g. Plaintiff's Claims are Barred by the Two-Year Statute of Limitations.

Plaintiff's claims against Dr. Finn are brought according to his court-requested custody evaluation report, which Dr. Finn submitted to the Court on July 19, 2023. Plaintiff in this case brought Section 1983 and Section 1986 claims, which do not set forth a statute of limitations. Accordingly, courts look to the statute of limitations for tort actions in the state court that the action was brought. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). While Plaintiff did not assert a specific date of Dr. Finn's involvement, his report was completed in July of 2023, meaning he was involved prior to that time. It is also clear from Plaintiff's TRO that he disagreed with the involvement of Dr. Finn shortly after June of 2022, meaning he was well aware of Dr. Finn's court-appointed role at that time. ECF No. 13 at ¶ 27-28.

Thus, there is no question that Plaintiff was aware of Dr. Finn and his involvement in completing a custody evaluation report by July 19, 2023, at the very latest. However, Plaintiff's Complaint was not "received" by the Court until January 12, 2026, over two years past the time that Plaintiff was aware of Dr. Finn's involvement. Thus, the Plaintiff's claims against Dr. Finn are barred due to the applicable two-year statute of limitations.

## IV.    CONCLUSION

Plaintiff's TRO/pleading is time-barred, refers to factual allegations that prove Dr. Finn is entitled to immunity under the law, and fails for a variety of procedural reasons. For the foregoing reasons, even in the light most favorable to *pro se* Plaintiff, the TRO/pleading must be denied with all allegations dismissed with prejudice.

WHEREFORE, Defendant, David Finn, PSY.D., respectfully requests that this Court dismiss all claims against him with prejudice and award him all such other and further relief this Court deems just and reasonable under the circumstances.

Respectfully Submitted,

SMITH BLAKE HILL, LLC

By: /s/ *Sarah E. Knoll*
     Sarah E. Knoll
     One of the Attorneys for Defendant,
     David Finn, PSY.D.

Kevin M. Bugos (kbugos@sbh-law.com) (ARDC: #6242605)
Sarah E. Knoll (sknoll@sbh-law.com) (ARDC:  #6353192)
SMITH BLAKE HILL LLC
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 471-8080

## CERTIFICATE OF SERVICE

I, Sarah E. Knoll, an attorney, hereby certify that, on April 13, 2026, I electronically filed with the Northern District of Illinois – Eastern Division, via the Court's CM/ECF system, the foregoing Motion to Dismiss, which caused it to be served upon the following counsel of record:

**Pro Se, Plaintiff's Information**
Edward Engels
509 N. Racine Avenue, 1S
Chicago, IL 60642
Phone: (312) 961-0805
eddie@e2brands.net

**Feliza Castro Information**
Feliza Castro

**Ross Morreale Information**

**Pamela Kuzniar**

**Thomas Field**

**Jonathon Steele**

**Honorable Pamela E. Loza**

/s/ *Sarah E. Knoll*

12