### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD ENGELS, on behalf of himself and minor child E.R.E, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 26-cv-00359 |
| v. | ) ) | Honorable Georgia N. Alexakis |
| FELIZA CASTRO; ROSS MORREALE; PAMELA KUZNIAR, Court-Appointed Guardian Ad Litem; DR. DAVID FINN, Court-Appointed Evaluator; THOMAS FIELD; JONATHON STEELE; HON. PAMELA E. LOZA | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT KUZNIAR'S MOTION TO DISMISS

NOW COMES, Defendant Pamela Kuzniar, Court-Appointed Guardian *ad litem* ("Defendant Kuzniar" or "GAL Kuzniar"), by and through her undersigned counsel and for her Motion to Dismiss Plaintiff's "Emergency Motion for TRO" (the "Complaint," ECF #133) under FRCP 12(b)(6) and 12(b)(1), states as follows:

### INTRODUCTION

Plaintiff Edward Engels has filed a rambling pleading that names seven defendants – including the court-appointed guardian *ad litem* for his minor daughter – in what amounts to a collateral attack on state court proceedings with which he is displeased. Stripped of its inflammatory rhetoric and conclusory allegations, the Complaint against Defendant Kuzniar reduces to a single allegation: that she failed to do as Plaintiff may have wished at every turn. It is elementary that a guardian *ad litem* taking action contrary to one parent's wishes is not actionable conduct.

1

337872736v.2

The law is clear: guardians *ad litem* are "absolutely immune from liability for damages when they act at the court's direction." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). GAL Kuzniar was appointed by the state court to serve the best interests of the minor child, and every act of which Plaintiff complains occurred squarely within the scope of that appointment. No amount of conclusory labeling can transform immune, discretionary conduct into actionable misconduct.

Simply put, Plaintiff's attempt to dress up his grievances in the language of Section 1983 and Section 1985(3) fails. A guardian *ad litem* is not a state actor. *Bach v. Milwaukee County Circuit Court*, 565 F. App'x 531, 533 (7th Cir. 2014). And Plaintiff's sprawling (and conclusory) allegations of a "coordinated Judicial Enterprise" are precisely the kind of "paranoid pro se litigation" the Seventh Circuit has warned against – devoid of factual support and utterly implausible. Cooney, 583 F.3d at 971. The Complaint should be dismissed with prejudice.

## BACKGROUND/RECITATION OF ALLEGATIONS[1]

### I. BACKGROUND AND DEFENDANT KUZNIAR'S ALLEGED ROLE

Plaintiff alleges that Defendant Kuzniar is an attorney licensed in Illinois who served as the court-appointed Guardian ad Litem ("GAL") in the underlying family-court proceedings (the "State Court Proceedings")[2] in the Circuit Court of Cook County, Illinois. (ECF #13, ¶18.) Kuzniar is sued in her individual capacity. (*Id.*, ¶ 18.)

Plaintiff alleges, in summary fashion, that Kuzniar "acted outside the scope of her statutory authority, disregarded evidence, failed to fulfill mandatory duties, and engaged in conduct that deprived both Plaintiffs of due process, equal protection, and fair proceedings." (ECF #13, ¶ 18.)

---

[1] In reciting allegations, Defendant Kuzniar in no way attests to their veracity.

[2] Defendant Kuzniar respectfully requests this Court take judicial notice of the State Court Proceedings, *Edward Engels v. Feliza Castro*, Cir. Ct. Cook County, Domestic Relations Division, Case No. 2013D080353.

## II.   ALLEGATIONS RELATED TO PURPORTED STATE COURT PROCEEDINGS

Plaintiff alleges that on June 29, 2022, the Illinois Department of Financial and Professional Regulation revoked Dr. Spero's medical license for violations involving controlled substances provided to Defendant Feliza Castro. (ECF #13, ¶ 26.) Plaintiff concludes that "the court, evaluator Dr. David Finn, and GAL Pamela Kuzniar continued to minimize or ignore Respondent's drug-related risks during custody litigation." (*Id.*, ¶ 27.)

Plaintiff alleges that the GAL and Dr. Finn "were obligated to report this information that EE reported to them by law and they refused to do so dismissing the evidence directly from Feliza Castro." (*Id.*, ¶ 27.)

Plaintiff alleges that on April 19, 2023, Judge Joy Rosenberg was assigned to hear an emergency motion after Defendant Castro tested positive for cocaine during her parenting time. (ECF #13, ¶ 28.) Judge Rosenberg found the matter to be a genuine emergency and immediately suspended Castro's parenting time. (ECF #13, ¶ 28.)

Plaintiff alleges that "GAL Pamela Kuzniar refused to appear, either in person or via Zoom, believing her recommendations could not survive scrutiny by an independent judge." (ECF #13, ¶ 29.)

Plaintiff alleges that "[i]mmediately following the March 5 hearing, Judge Loza and GAL Kuzniar entered chambers and engaged in concealed ex parte discussions observed by court staff and Sheriff's Officer Sanchez." (ECF #13, ¶ 34.) Plaintiff characterizes this as "consistent with their long-standing pattern of off-record coordination." (ECF #13, ¶ 34.)

Plaintiff alleges the existence of a "coordinated Judicial Enterprise" operating within the Cook County Domestic Relations Division, comprised of, among others, "GAL Pamela Kuzniar" and "evaluator Dr. David Finn," who allegedly worked "in concert with state actors including . . .

3

sitting judges to predetermine outcomes, suppress evidence, and deprive Plaintiff and his minor child of constitutional rights." (ECF #13, ¶ 57.)

Plaintiff alleges that "GAL Pamela Kuzniar and evaluator Dr. David Finn acted as critical gatekeepers for the enterprise." (ECF #13, ¶ 58.) Specifically, Plaintiff alleges that "Kuzniar repeatedly ignored or concealed Respondent's drug abuse, suppressed Dr. O'Donnell's findings, manipulated evidence, and consistently redirected scrutiny away from Respondent despite overwhelming indicators of unfitness." (ECF #13, ¶ 58.) Plaintiff further alleges that "[t]heir conduct was not negligent but coordinated, functioning to manufacture a false factual record that justified outcomes already chosen." (ECF #13, ¶ 58.)

Plaintiff alleges that Defendants Castro and Morreale's involvement in the "Healing Clinic Enterprise" (a separate alleged criminal enterprise involving fraudulent medical marijuana certifications) "contributed directly to the instability, addiction, and safety risks repeatedly ignored by GAL Pamela Kuzniar, evaluator Dr. David Finn, and the presiding judges." (ECF #13, ¶ 64.)

## III.  CAUSES OF ACTION

**Count One (Due Process – 42 U.S.C. § 1983):** Plaintiff alleges that Kuzniar, among other defendants, "engaged in extrajudicial conduct that interfered with Plaintiff's parenting rights outside legitimate judicial decision-making," including "suppressing material evidence," "manipulating expert evaluations," "falsifying or distorting factual records," and "coordinating private actions to predetermine outcomes." (ECF #13, ¶ 92.)

**Count Two (Equal Protection – 42 U.S.C. § 1983):** Plaintiff alleges that defendants, including Kuzniar, engaged in "discriminatory treatment" by "selectively enforcing rules, concealing evidence and applying different standards" to Plaintiff as compared to Castro. (ECF #13, ¶¶ 97–98.)

337872736v.2

**Count Three (Retaliation & Denial of Access to Courts – 42 U.S.C. § 1983):** Plaintiff alleges that "Defendants—including Kuzniar" engaged in "extrajudicial conduct designed to obstruct Plaintiff's ability to be heard in any judicial forum," including "evidence suppression," "initiation of false narratives," and "concealed coordination intended to predetermine outcomes." (ECF #13, ¶¶ 103–104.)

**Count Four (Conspiracy – 42 U.S.C. § 1985(3)):** Plaintiff alleges that defendants "knowingly conspired—explicitly or implicitly—to deprive Plaintiff of equal protection, due process, and meaningful court access" through overt acts including "suppression of material evidence," "manipulation of evaluations and professional reports," and "coordinated off-record communications." (ECF #13, ¶ 106.)

**Count Five** ostensibly seeks a declaration that the *Rooker-Feldman* doctrine does not apply. (ECF #13, ¶107-108).

**Count Six** is entitled "Injunctive Relief – TRO & Preliminary Injunction." (ECF #13, p. 23). Plaintiff alleges that injunctive relief is necessary because the defendants "engag[ed] in retaliation, enterprise activity, intimidation, or interference with federal rights." (ECF #13, ¶110). Plaintiff concludes that he "does not seek modification, reversal, or review of any state-court custody ruling." (ECF #13, ¶110).

## ARGUMENT

### I.    APPLICABLE LAW/STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. *Firestone Fin. Corp. v. Meyer,* 796 F.3d 822, 826-27 (7th Cir. 2015). While a court assumes the truth of all *well-*

337872736v.2

*pled* factual allegations, a plaintiff must do more than simply recite the elements of the claim to survive dismissal. *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir. 2010).

A Rule 12(b)(1) motion to dismiss requires a court to dismiss any action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss under Rule 12(b)(1), where the motion challenges the sufficiency of the allegations of subject matter jurisdiction, the court must accept as true all well-pled allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

## II.    GAL KUZNIAR IS IMMUNE.

"Guardians ad litem…are absolutely immune from liability for damages when they act at the court's direction…They are arms of the court…and deserve protection from harassment by disappointed litigants, just as judges do." *Cooney v. Rossiter,* 583 F.3d 967, 970 (7th Cir. 2009) (internal citations omitted). Only if a GAL "step[s] outside the scope of their agency and engage in," for example, "self-dealing" may a GAL face civil liability. *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006); *see also, Dickman v. Off. of the State's Att'y of Cook Cnty*, 2018 WL 1377907 at \*7 (N.D. Ill. Mar. 16, 2018) ("The Seventh Circuit unequivocally stated in its 2009 *Cooney* opinion that guardians ad litem are entitled to absolute immunity"); *see also Daniels v. Grady*, 2018 WL1586243 at \*4 (N.D. Ill. Apr. 2, 2018) (granting a GAL immunity for conduct that occurred "within the course of her court-appointed duties").

Here, Defendant Kuzniar was duly appointed as guardian *ad litem* for minor child E.E. on September 27, 2018 in the State Court Proceedings. (Appointment Order at **Exhibit 1**). Indeed, Hon. Pamela E. Loza, pursuant to her inherent and statutory authority, deemed that the best interests of E.E. would be served with Defendant Kuzniar as her guardian *ad litem*, not as their

6

child representative. *Id*. In other words, when Judge Loza appointed Defendant Kuzniar E.E.'s guardian *ad litem*, she made Defendant Kuzniar an arm of the Court.

In the Complaint, Plaintiff alleges that Defendant Kuzniar was negligent in her duties. (*See, supra*). As a court-appointed guardian *ad litem,* however, Defendant Kuzniar is immune from tort liability and damages, and thus cannot be held liable for such conduct that occurred within the course of her appointed duties. Because the complained-of conduct occurred within the scope of her appointed duties, Defendant Kuzniar is immune from liability relating to this conduct. Plaintiff's conclusory allegation that Defendant Kuzniar " acted outside the scope of her statutory authority" is insufficient to defeat the immunity afforded to her. (ECF #13, ¶18); (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("…mere conclusory statements" are insufficient to withstand a Rule 12(b)(6) motion to dismiss).

To preserve the protections granted by both Illinois and federal law to court-appointed guardians *ad litem,* this Court should hold that Defendant Kuzniar is immune from liability and dismiss Plaintiff's claims against her with prejudice. *Cooney*, 583 F.3d at 970 (collecting cases)

III.    **PLAINTIFF CANNOT STATE A SECTION 1983 CONSPIRACY CLAIM.**

*First*, Plaintiff's Section 1983 conspiracy claims fail because Defendant Kuzniar is entitled to immunity. *Id*. at 970-971.

*Second***,** Section 1983 claims require state action, and a "guardian *ad litem*, is not a state actor subject to §1983." *Bach v. Milwaukee County Circuit Court*, 565 F. App'x 531, 533 (7th Cir. 2014); *see also, Taylor v. Circuit Court of Cook Cnty., Illinois,* 2025 WL 601213, at *2 (7th Cir. 2025) (affirming dismissal of section 1983 claims against private attorneys where plaintiff merely "alleged that one attorney 'conspired with other court acting agents to obstruct justice,' but she

7

provided no further factual support for this conclusion or how she arrived at it"). Indeed, Plaintiff's Section 1983 claims fail.

*Third* and regardless, the Complaint fails to sufficiently plead any Section 1983 conspiracy claim. Plaintiff relies entirely on sweeping, general, and conclusory allegations in this regard. (ECF #13, ¶32, 34. 45, 57, 58, 64, 92, 97-98, 103-104). Bare assertions of "long-standing pattern[s]" or of "suppress[ion] of findings" are textbook examples of impermissible and deficient conclusory allegations that are not entitled to the presumption of truth. It is well-settled that such allegations are insufficient to state a Section 1983 conspiracy claim.

"[C]onclusory allegations of conspiracy" are insufficient. *Sparkman v. McFarlin*, 601 F.2d 261, 263-68 (7th Cir. 1979) (discussing numerous cases); *Moore v. Marketplace Rest., Inc.,* 754 F.2d 1336, 1352 (7th Cir. 1985); *Naguib v. Ill. Dep. of Prof. Reg.,* 986 F. Supp. 1082, 1097 (N.D. Ill. 1997) ("Merely speculative or conclusory allegations of a massive conspiracy is not enough…"); *Spiegel v. McClintic*, 916 F.3d 611, 616-17 (7th Cir. 2019) (giving information to law enforcement is not joint activity with state actor); *Spiezer v. Dickler*, 2020 WL 586932, *4-5 (N.D. Ill. Feb. 6, 2020) (allegations of *ex parte* communications "do not rise to the level of a conspiracy…"); *Krisher v. Krisher*, 2009 WL 3568664, *16 (N.D. Ind. 2009) (mere "formulaic recitations of the cause of action or legal conclusions" are insufficient and, "[o]nce these conclusions are stripped away, there is no other factual allegation from which to infer joint conduct"); *Cooney*, 583 F.3d at 971 (7th Cir. 2009) ("[I]t may be paranoid pro se litigation, arising out of a bitter custody fight and alleging, as it does, a vast, encompassing conspiracy; and before defendants in such a case become entangled in discovery proceedings, the plaintiff must meet a high standard of plausibility"); *Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir. 1998) (dismissing §1983 conspiracy claim against private attorneys where plaintiff failed to allege joint action,

8

concerted effort, or general understanding beyond mere conclusions); *Tynes v. Ill. Veterans Homes & Counsel 31 AFSCME,* 2012 WL 4518816, *11-14 (C.D. Ill. July 16, 2012) (conclusory allegation of conspiracy insufficient); *Steinhauer v. Elsner,* 2012 U.S. Dist. LEXIS 15809, *12-15 (N.D. Ill. Nov. 5, 2012) (disagreement over merits of underlying case does not make conspiracy theory plausible; merely prevailing in litigation does not make private party a co-conspirator with judge); *Maniscalco v. Simon,* 712 F.3d 1139, 1145 (7th Cir. 2013) (conspiracy theory failed as "entirely speculative"); *Herndon v. S. Bend Sch. Corp.,* 2016 WL 2755586, at *3 (N.D. Ind. 2016) (conclusory allegations did not support plausible inference of conspiracy); *Daniels v. Grady,* 2018 WL 1586243, at *17 (N.D. Ill. Apr. 2, 2018) (conclusory allegations that those involved in plaintiff's state court domestic relations proceedings were engaged in a conspiracy and "ganged up" on him were insufficient). Indeed, the Complaint should be dismissed.

***Fourth***, a §1983 plaintiff must plead that the conduct deprived plaintiff of constitutional rights. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, 474 U.S. 327 (1986). Plaintiff does not, and cannot, sufficiently allege any deprivation of constitutional or federal rights. Like Plaintiff's "allegations" of conspiracy, his allegations of purported deprivation are wholly conclusory and, thus, dismissal is warranted. *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996) ("…something more than a conclusory allegation" is necessary to claim a deprivation-of-rights).

## IV.    PLAINTIFF'S SECTION 1985(3) CLAIM FAILS

Count IV purports to bring a claim under Section 1985(3). A Section 1985(3) conspiracy claims requires a plaintiff to plead and prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy;

9

(4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Milchtein v. Milwaukee Cnty*, 42 F.4th 814, 827 (7th Cir. 2022); citing, *United Bhd. Of Carpenters v. Scott*, 463 U.S. 825, 828-29 (1983).

A section 1985(3) claim requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Bowman v. City of Franklin,* 980 F.2d 1104 –1109 (7th Cir. 1992). Thus, a plaintiff must set forth facts "suggesting a racial or other invidiously discriminatory animus." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir. 1981).

Here, Plaintiff offers no allegation whatsoever of any "racial or other invidiously discriminatory animus." Thus, Count IV fails for this reason, in addition to Plaintiff's failure to allege a conspiracy and any deprivation of right(s).

## V. DEFENDANT KUZNIAR JOINS AND ADOPTS CO-DEFENDANTS' ARGUMENTS IN SUPPORT OF DISMISSAL RELATING TO PLAINTIFF'S DECLARATORY RELIEF CLAIM, HIS INJUNCTIVE RELIEF CLAIM, AND ON THE GROUNDS THAT VARIOUS ABSTENTION DOCTRINES APPLY.

In the interest of judicial economy, Defendant Kuzniar joins, adopts, and incorporates various bases for dismissal set forth by her Co-Defendants. (Defs. Field and Steele MTD at ECF #24; Def. Finn's MTD at ECF #22).

*First*, for the for the reasons set forth in the motion to dismiss of Defendants Field and Steele, Plaintiff cannot maintain any claims any behalf of his minor daughter, E.E. (ECF #24, p. 3).

*Second,* for the reasons set forth in the motion to dismiss of Defendants Field and Steele, Plaintiff's request for declaratory relief fails. (ECF #24, p. 8).

*Third*, Plaintiff's prayer for injunctive relief fails as a matter of substance and procedure. (ECF #24, pp. 8-9 (through sub-section (i)), p. 10-11 sub-sections II(iii)-(iv); ECF #22, p. 3-5). In addition, Defendant Kuzniar asserts that Plaintiff cannot claim irreparable harm nor that he lacks

an adequate remedy at law. For example, Plaintiff brought a motion to remove Defendant Kuzniar as GAL on August 8, 2025. (**Exhibit 2**). On June 10, 2026, Plaintiff brought an "emergency motion for in camera interview of the minor child and for the exclusion of guardian ad litem from the in camera proceeding." (**Exhibit 3**). Thus, the conclusions regarding irreparable harm (even ignoring that Plaintiff cannot bring any claim on behalf of E.E.) and inadequate remedy at law fail.

*Fourth*, the following doctrines bar the Complaint: (1) *Rooker-Feldman* (ECF #22, p. 7-8; ECF #24, p. 11-12); (2) *Younger* abstention (ECF #24, p. 12-13; ECF #22, p. 8-9); (3) the domestic relations exception (ECF #24, p. 13-14); and (4) the *Burford* and *Colorado River* abstention doctrines (ECF #24, p. 14-15).

*Fifth*, Plaintiff has not, and cannot, plead an equal protection claim. (ECF #22, p. 9-10).

*Finally*, dismissal of the Complaint should be with prejudice because "it is clear amendment would be futile." (ECF #24, p. 15; citing, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.,* 786 F.3d 510, 519-20 (7th Cir. 2015).

## CONCLUSION

Plaintiff's Complaint is a textbook example of impermissible litigation – a disgruntled parent weaponizing federal court to relitigate state court custody proceedings. Defendant Kuzniar is absolutely immune from suit for actions taken as a court-appointed guardian *ad litem*. Even setting immunity aside, Plaintiff's Section 1983 and Section 1985(3) claims fail as a matter of law: GAL Kuzniar is not a state actor, the Complaint is devoid of any factual support for its sweeping conspiracy allegations, and Plaintiff has not alleged – and cannot allege – the class-based discriminatory animus required for a Section 1985(3) claim. Further, multiple abstention doctrines independently bar this action, and no amendment can cure the Complaint's fundamental defects. Therefore, the Complaint should be dismissed with prejudice.

11

WHEREFORE, Defendant Pamela Kuzniar, Court-Appointed Guardian *ad Litem*, respectfully requests that this Court enter an ORDER: (1) granting this Motion; (2) dismissing the Complaint, with prejudice, under Rule 12(b)(6) and/or dismissing the Complaint under Rule 12(b)(1); and (3) granting any other appropriate relief.

Respectfully submitted,

**Pamela Kuzniar, Court-Appointed Guardian** *ad Litem*

By: /s/ Robert F. Merlo
Robert F. Merlo (Robert.merlo@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
161 N. Clark, Suite 4500
Chicago, IL 60601
(312) 821-6170
*Her Attorney*

12

337872736v.2

## CERTIFICATE OF SERVICE

I certify that on this 18th Day of June, 2026, service of a true and accurate copy of the above and foregoing was made upon the parties and attorneys of record and those entitled to receive notice via ECF.

Respectfully submitted,

By: /s/ Robert F. Merlo
Robert F. Merlo (Robert.merlo@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
161 N. Clark, Suite 4500
Chicago, IL 60601
(312) 821-6170
*Attorney for Defendant Kuzniar*

13

337872736v.2