

FILED
6/18/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

EDWARD ENGELS, on behalf of himself and

Minor child E.R.E.,

Plaintiff,

v.

FELIZA CASTRO, ROSS MORREALE,

PAMELA KUZNIAR, DR. DAVID FINN,

THOMAS FIELD, JONATHON STEELE,

Defendants.


**Case No. 1:26-cv-00359**

**Hon. Georgia N. Alexakis**


**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS THOMAS FIELD AND JONATHAN STEELE'S MOTION TO DISMISS**


I.      INTRODUCTION

Plaintiff Edward Engels, proceeding pro se, respectfully submits this Response in Opposition to Defendants Thomas Field and Jonathan Steele's Motion to Dismiss. The Beermann Defendants seek dismissal on the grounds that: (1) Plaintiff lacks standing to sue on behalf of his minor daughter; (2) the Beermann Defendants are not state actors; (3) Plaintiff fails to allege class-based animus under § 1985(3); (4) Count V fails to state a claim for declaratory relief; (5) Count VI fails as a matter of law; and (6) multiple abstention doctrines bar this Court's jurisdiction.

The Beermann Defendants' motion proceeds from a false premise: that their conduct consisted entirely of ordinary litigation advocacy. It did not. The Beermann Defendants participated in a coordinated enterprise spanning more than a decade in which attorneys, a court-appointed guardian ad litem, a court-appointed evaluator, and judicial officers acted in concert to predetermine custody outcomes, suppress material evidence, financially exhaust Plaintiff, and engineer an irreversible international relocation of the minor child. Jonathan Steele's statement — `'Oh, we have Scannicchio — we are good'` — is not attorney bravado. It is direct evidence of foreknowledge of judicial outcomes, spoken by an attorney who on December 17, 2024 filed freely before Judge Scannicchio on the same date Scannicchio imposed a punitive filing restriction on Plaintiff at Steele's request. That asymmetry is the equal protection violation in its most naked form.

While Plaintiff concedes certain pleading deficiencies that amendment will cure, the core claims against the Beermann Defendants are legally cognizable and factually supported. Dismissal with prejudice is not warranted.

## II.     FACTUAL BACKGROUND

### A.     The Beermann Defendants Were Not Ordinary Litigation Counsel.

Thomas Field and Jonathan Steele of Beermann LLP represented Respondent Feliza Castro from approximately 2020 through February 14, 2025 — a period spanning multiple litigation cycles in which coordinated misconduct by enterprise participants escalated with each cycle. During their representation, Field and Steele: filed successive relocation motions designed to remove the minor child from United States jurisdiction; coordinated with GAL Pamela Kuzniar and evaluator Dr. David Finn to advance a predetermined narrative; and on December

17, 2024, obtained a punitive filing restriction against Plaintiff at Steele's specific request from Judge Scannicchio — the same judge whom Steele had identified as already aligned with Beermann interests.

The Beermann Defendants' motion notes that they withdrew from Castro's representation in February 2025 — nearly a year before Plaintiff filed this action. This is accurate. But it does not insulate them from liability for conduct occurring during their representation. A defendant who participated in an ongoing conspiracy does not escape liability merely because he withdrew before suit was filed. The injuries caused by their participation — financial exhaustion, suppression of evidence, the filing restriction, and the escalating relocation campaign — are ongoing and continuing.

**B.      Jonathan Steele's Statement Establishes More Than Attorney Bravado.**

On December 9, 2024, in Kenton Girard v. Beermann LLP et al., Case No. 1:24-cv-06882 (N.D. Ill.), a plaintiff alleged that Jonathan Steele stated: 'Oh, we have Scannicchio — we are good.' The Beermann Defendants characterize this as 'attorney bravado' from a 'serial pro se litigant' in a dismissed case. This characterization fails for several reasons.

First, the Girard complaint was not dismissed on the merits of the Steele allegation. It was dismissed on August 12, 2025 — after Plaintiff filed this action. The dismissal does not establish that the alleged statement was fabricated or untrue.

Second, the statement's significance lies not in isolation but in context. On December 17, 2024 — eight days after the Girard complaint was filed documenting Steele's statement — two things happened simultaneously: Steele appeared and filed before Judge Scannicchio without restriction, and Judge Scannicchio imposed a punitive filing restriction on Plaintiff at Steele's

request. The temporal and causal alignment between a statement evidencing judicial alignment and the asymmetric treatment of the parties on the same date is not coincidence. It is the equal protection violation. **(EXHIBIT 1)**

Third, under Cooney v. Rossiter, 583 F.3d 967 (7th Cir. 2009), the high plausibility standard for judicial conspiracy claims is met where, as here, a plaintiff alleges specific interactions — not generalized suspicion — between private attorneys and judicial officers producing concrete, asymmetric outcomes. Plaintiff does not allege that Beermann won because they were better lawyers. Plaintiff alleges that Beermann won because Steele knew they would before the hearing began.

**C.      The Filing Restriction Is the Equal Protection Violation in Its Clearest Form.**

On December 17, 2024, Judge Scannicchio imposed a leave-of-court filing restriction on Plaintiff — a pro se litigant — requiring judicial permission before filing any pleading. This restriction was imposed at Jonathan Steele's request. On that same date, Steele appeared before Judge Scannicchio and filed on behalf of his client without restriction. One party to the litigation was required to obtain judicial permission to access the court. The other party's attorney — who had allegedly stated weeks earlier that the judge was aligned with his firm — filed freely. No rational basis exists for this differential treatment. It is selective enforcement of procedural rules based on enterprise affiliation, not litigation conduct.

**III.      PLAINTIFF CONCEDES THE STANDING ISSUE AS TO E.R.E. BUT THE INDIVIDUAL CLAIMS SURVIVE.**

The Beermann Defendants correctly note that a pro se parent cannot maintain a federal action on behalf of a minor child. Foster v. Board of Educ., 611 Fed. Appx. 874, 877 (7th Cir.

2015). Plaintiff does not dispute this. Claims brought on behalf of E.R.E. in her individual capacity should be dismissed without prejudice pending Plaintiff's ability to obtain counsel for the minor's claims or to seek appointment of a next friend who is an attorney.

However, dismissal of E.R.E.'s individual claims does not require dismissal of Plaintiff's own claims. Plaintiff's constitutional rights — his Fourteenth Amendment liberty interest in the care, custody, and companionship of his daughter, his First Amendment right of access to courts, and his equal protection rights — are his own. They are independently actionable regardless of E.R.E.'s standing. The Court should dismiss E.R.E.'s claims without prejudice and allow Plaintiff's individual claims to proceed.

## IV.     THE BEERMANN DEFENDANTS ACTED UNDER COLOR OF STATE LAW THROUGH COORDINATED CONDUCT WITH STATE ACTORS.

The Beermann Defendants argue they are private attorneys not subject to § 1983 liability. Polk County v. Dodson, 454 U.S. 312 (1981). This is the general rule. But private actors become state actors under § 1983 when they act in concert with state officials to deprive a person of constitutional rights. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). The inquiry is whether the private actor and the state official reached a mutual understanding to engage in unconstitutional conduct. Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998).

Plaintiff alleges a mutual understanding between the Beermann Defendants and state actors — specifically GAL Kuzniar, evaluator Finn, and Judge Scannicchio — to predetermine outcomes in favor of Respondent. The specific factual predicates include: Jonathan Steele's statement establishing foreknowledge of judicial alignment; the simultaneous imposition of a

filing restriction on Plaintiff and unrestricted access for Steele on December 17, 2024; Kuzniar's decade-long coordination with Judge Loza including documented ex parte communications; and

Dr. Finn's sworn admission that he never ruled against a Beermann client across multiple cases. Taken together, these allegations do more than assert generalized conspiracy. They allege a specific, documented pattern of coordinated conduct between private attorneys and state actors producing concrete constitutional deprivations.

The Beermann Defendants rely on Cooney v. Rossiter for the proposition that even specific judicial irregularities are insufficient to establish state action. But Cooney involved a plaintiff who alleged that private attorneys received documents early and controlled in camera proceedings — generalized favoritism. Plaintiff here alleges something categorically different: an attorney's pre-hearing statement of judicial alignment, confirmed by asymmetric treatment on the same date, across a pattern spanning multiple cycles and multiple cases involving the same evaluator. This is not Cooney. This is Dennis.

## V. COUNT IV STATES A CLAIM UNDER § 1985(3) UNDER A CLASS-OF-ONE THEORY.

The Beermann Defendants correctly note that § 1985(3) requires class-based animus. Plaintiff's complaint does not identify a traditional protected class. However, the Supreme Court has recognized that the equal protection clause protects individuals who are treated differently from others similarly situated without rational basis — the class-of-one theory. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). A § 1985(3) claim can be maintained where the conspiracy targets an individual based on his specific exercise of a constitutional right,

including the right of familial association and court access, rather than membership in a broader class.

Plaintiff alleges he was targeted specifically because of his role as the opposing party to Beermann's client — a party who threatened to expose enterprise misconduct through his litigation conduct. The enterprise's purpose was not random. It was directed at Plaintiff specifically to protect Respondent, generate fees, and shield enterprise participants from accountability. That targeting, applied through the instrumentality of state actors, satisfies the animus requirement under a class-of-one theory. In the alternative, Plaintiff requests leave to amend to replead this count with greater specificity.

## VI.     THE ABSTENTION DOCTRINES DO NOT BAR PLAINTIFF'S CLAIMS.

The Beermann Defendants invoke Younger abstention, the domestic relations exception, Burford, and Colorado River. None applies to Plaintiff's claims against the Beermann Defendants.

Younger abstention applies to ongoing state proceedings where federal intervention would disrupt important state interests. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). But Younger does not apply to claims against private actors for conduct occurring outside judicial proceedings. The Beermann Defendants' coordination with state actors, their submission of the filing restriction request, and their participation in the enterprise's evidence suppression occurred outside any formal judicial proceeding and are not protected by Younger.

The domestic relations exception bars federal courts from issuing divorce, alimony, or child custody decrees. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Plaintiff does not ask this Court to issue any such decree. He asks this Court to redress constitutional violations by

private actors who used the domestic relations proceeding as a vehicle for unconstitutional conduct. The exception does not apply. Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998).

The Beermann Defendants' invocation of Burford and Colorado River similarly fails. These doctrines apply where federal adjudication would disrupt a complex state regulatory scheme. Child custody proceedings are not a regulatory scheme in the Burford sense, and Colorado River abstention requires exceptional circumstances not present here. Neither doctrine compels dismissal.

## VII.    COUNT V AND COUNT VI SHOULD NOT BE DISMISSED WITH PREJUDICE.

The Beermann Defendants argue that Count V (declaratory relief) fails because the Declaratory Judgment Act is not an independent jurisdictional basis, and that Count VI (injunctive relief) is a remedy not a cause of action, is moot as to Beermann, and is impermissibly vague. Plaintiff largely agrees that these counts as pled require amendment.

However, dismissal with prejudice is not appropriate where amendment could cure the deficiency. Runnion ex rel. Runnion v. Girl Scouts, 786 F.3d 510, 519 (7th Cir. 2015). Plaintiff's substantive constitutional claims under Counts I-IV survive. Declaratory and injunctive relief are available remedies that flow from those claims and should be addressed in an amended complaint rather than dismissed with prejudice now.

With respect to injunctive relief specifically: while the Beermann Defendants withdrew from Castro's representation in February 2025, their enterprise participation did not end with their withdrawal. The filing restriction they obtained remains in effect against Plaintiff today.

The harm flowing from their coordinated conduct is ongoing. The Court should dismiss Count VI without prejudice rather than with prejudice.

## VIII.  DISMISSAL WITH PREJUDICE IS NOT WARRANTED.

The Beermann Defendants urge dismissal with prejudice on the ground that repleading would be futile. This standard is not met here. Plaintiff's true complaints, as the Beermann Defendants themselves acknowledge, go to the substance of coordinated misconduct — not merely the effectiveness of advocacy. Plaintiff has identified specific actors, specific dates, specific statements, and specific asymmetric outcomes. The complaint as filed was drafted pro se under significant resource constraints and did not include the full evidentiary record available to Plaintiff. Amendment would not be futile. It would substantially strengthen claims that are already legally cognizable.

The Court should dismiss the identified deficient counts without prejudice and grant Plaintiff leave to file an amended complaint within 30 days incorporating the specific factual allegations, documentary evidence, and legal theories described herein.

## IX.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) deny the Beermann Defendants' Motion to Dismiss as to Counts I, II, III, and IV; (2) dismiss E.R.E.'s individual claims without prejudice; (3) dismiss Counts V and VI without prejudice with leave to amend; and (4) grant Plaintiff 30 days from the date of any dismissal order to file an amended complaint. In the alternative, Plaintiff requests that any dismissal be without prejudice and with leave to amend.

Respectfully submitted,

/s/ Edward Engels

Edward Engels
Plaintiff, Pro Se
509 N. Racine Ave., Suite 1S
Chicago, Illinois 60642
(312) 961-0805

eddie@e2brands.net


## VERIFICATION


I, Edward Engels, being first duly sworn on oath, state that I am the Petitioner-Appellant in the above-captioned matter. I have read the foregoing Emergency Motion for Stay of Trial Date and All Related Deadlines Pending Interlocutory Appeal and state that the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

_____

Edward Engels, Petitioner-Appellant Pro Se


## CERTIFICATE OF SERVICE

I, Edward Engels, certify that on June 18, 2026, I caused the foregoing Plaintiff's Response in Opposition to Defendants Thomas Field and Jonathan Steele's Motion to Dismiss to be filed with the Clerk of the Court using the Northern District of Illinois pro se PDF submission portal, and caused a copy to be served by email on the following counsel of record:

Matthew D. Elster, Esq. — mdelster@beermannlaw.com
Beermann LLP
Counsel for Defendants Thomas Field and Jonathan Steele


_____

Edward Engels, Plaintiff Pro Se