## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

EDWARD ENGELS, on behalf of )
himself and Minor child E.R.E., )
                                        ) Case No. 1:26-cv-00359
     Plaintiff, )
                                         ) Hon. Georgia N. Alexakis,
v. ) Judge Presiding.
                                         )
FELIZA CASTRO, ROSS MORREALE, )
PAMELA KUZNIAR, DR. DAVID FINN, )
THOMAS FIELD, JONATHAN STEELE, )
                                         )
     Defendants. )

## DEFENDANTS THOMAS FIELD AND JONATHAN STEELE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Thomas T. Field and Jonathan D. Steele (the "Beermann Defendants"), by their attorneys, Beermann LLP, reply to Plaintiff's Response in Opposition (ECF No. 42)[1] to their Motion to Dismiss (ECF No. 24), and state as follows:

## INTRODUCTION

Plaintiff's Response all but acknowledges that dismissal of his Complaint is warranted. He concedes he cannot sue on behalf of his minor daughter; he concedes that his Complaint identifies no protected class; he concedes that Counts V and VI "as pled require amendment"; and he concedes that his Complaint suffers from "certain pleading deficiencies." (ECF No. 39, Pages 2, 4, 6, 8). What survives those concessions does not plausibly state a claim against his child's mother's former attorneys who are guilty of nothing more than successfully representing their client.

---

[1] Plaintiff filed two responses to the Beermann Defendants' Motion to Dismiss (ECF Nos. 39 and 42). This Court struck Plaintiff's first response (ECF No. 46) which was identical to his second response.

Despite acknowledging these defects, Plaintiff chose to disregard this Court's roadmap for amendments and instead opted to defend an indefensible pleading.[2] His decision to do so should result in the dismissal with prejudice as both the defects Plaintiff acknowledges, and those he ignores, cannot be cured via amendment.

## ARGUMENT

### I. Plaintiff Concedes He Cannot Sue on Behalf of E.R.E.

Plaintiff concedes that as a self-represented non-attorney, he "cannot maintain a federal action on behalf of a minor child," and he does not dispute that the claims he purportedly brought on her behalf should be dismissed, albeit without prejudice. (ECF No. 39, pages 4-5). As set forth below, however, with prejudice dismissal is appropriate here, as even if Plaintiff could overcome his lack of standing, E.R.E.'s claims fail procedurally and substantively.

### II. Plaintiff Cannot Maintain a §1983 Because the Beermann Defendants Are Not State Actors.

Plaintiff brings Counts I-III of his Complaint under Section 1983 and thus require state action. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Private attorneys are not state actors. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981). Plaintiff does not dispute that rule. Instead, he submits that the Beermann Defendants became state actors by conspiring with state officials, a theory subject to a "high standard of plausibility" that neither the Response nor the Complaint satisfies. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

---

[2] Hon. Georgia N. Alexakis, Case Procedures Regarding Motion Practice and Memoranda of Law – *Motions to Dismiss*, U.S. Dist. Ct. for the N. Dist. of Ill., https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=1447 (last accessed June 23, 2026).

A private party acts under color of state law through conspiracy only where a state official and the private party reach an understanding to deprive a plaintiff of his rights, and the private party willfully participates in joint activity with the State. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). The Seventh Circuit recently reaffirmed that to survive dismissal, a plaintiff must advance more than "mere allegations of joint action or conspiracy," but instead must show a "real agreement" to deny the plaintiff of a constitutional right. *Scott v. Univ. of Chi. Med. Ctr.*, 107 F.4th 752, 758 (7th Cir. 2024). "Merely working in parallel toward a common goal is not the same as conspiring together." *Id.* (internal quotations omitted).

Plaintiff does not even allege working in parallel. Instead, he meekly suggests "judicial alignment" (ECF No. 39, page 6) between the Beermann Defendants and the state court, not an actual agreement. The Complaint fails to identify any concrete acts giving rise to a joint enterprise to deprive him of his constitutional rights. Obtaining favorable rulings on behalf of a client does not plausibly establish a conspiracy.

### A. Allegations in A Dismissed Complaint Regarding Mr. Steele's Alleged Statements Do Not Salvage Plaintiff's Claims.

Rather than alleging the facts necessary to establish a conspiracy, Plaintiff stakes his 1983 claims on another plaintiff's allegation, in a dismissed complaint, that Defendant Steele once stated, "Oh, we have Scannicchio, we are good." *See* ECF No. 39, page 3, citing *Girard v. Village of Glencoe*, No. 24-cv-06882 (N.D. Ill.). Plaintiff's reliance on this alleged statement fails for at least two reasons.

First, an allegation borrowed from another litigant's complaint is not entitled to the presumption of truth, and this Court "need not take the allegations in a pleading from a separate case as true." *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1997 WL 201614, at \*4 (N.D. Ill. Apr. 8, 1997).

Second, even if taken as true, Mr. Steele's alleged statement does not identify Plaintiff, mention the filing restriction of which he complains, describe any unconstitutional objective, or reflect any unlawful arrangement with Judge Scannicchio. In other words, it does not plausibly establish a conspiracy. At most, it reflects an attorney's confidence regarding litigation outcomes, not a mutual understanding with a judge or anything resembling state action.

## B. Attorney Advocacy is Not State Action.

Stripped of the baseless *Girard* allegation, Plaintiff's theory boils down to Mr. Steele successful obtaining relief on behalf of his client in court by filing motions and obtaining favorable rulings against him. While Plaintiff describes this "temporal and causal alignment" as an equal protection violation "in its most naked form," this Court need not accept his bald mischaracterizations of routine advocacy.

*Dennis v. Sparks*, Plaintiff's principal authority, undermines his claims. There, the plaintiff alleged that private parties bribed a judge to obtain an injunction, an actual corrupt agreement that bears no resemblance to the advocacy alleged here. 449 U.S. 24, 28 (1980). As the *Dennis* court explained, however, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Id.* Filing a motion and requesting relief

Page 4

is not state action; especially in the absence of facts suggesting an agreement with the decisionmaker.

The fact that Mr. Steele sought and received a filing restriction against Plaintiff in state court supports an inference of effective advocacy and efficient judging, not joint action or constitutional deprivations. Plaintiff cites no authority—because none exists—treating temporal proximity between a request for relief and an award of relief as an agreement sufficient to establish state action. To do so here would threaten to transform every state court order granting an emergency motion into a viable section 1983 claim.

### C.   Plaintiff's New Allegations Do Not Save His Complaint.

Recognizing his Complaint's deficiencies, Plaintiff's Response introduces allegations found nowhere therein, stating for the first time that: (i) defendant Dr. Finn "never ruled against a Beermann client," and (ii) defendant Kuzniar engaged in "decade-long coordination with Judge Loza," including "*ex parte* communications." (ECF No. 39, Page 5).

These new "allegations" do not save his pleading as none describes any act by Field or Steele or any agreement involving either attorney. The newly alleged conduct of other defendants does not support a meeting of he minds between the Beermann Defendants and any state actor. *Fries*, 146 F.3d at 457. This case thus remains materially indistinguishable from *Daniels v. Grady*, No. 17 CV 6775, 2018 WL 1586243 (N.D. Ill. Apr. 2, 2018), where generalized "ganged up on him" allegations

against a domestic-relations attorney and a guardian ad litem were dismissed for lack of state-action under *Cooney*. Counts I through III fail.

### III. Count IV and Plaintiff's Equal Protection Theory Fail as a Matter of Law.

Recognizing that a § 1985(3) claim requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" (*Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)), and that his Complaint "does not identify a traditional protected class," Plaintiff advances the oft-rejected theory that he occupies a "class of one." (ECF No. 39, Page 6).

"Neither the Supreme Court nor the Seventh Circuit has credited a 'class of one' conspiracy claim under Section 1985(3), and such a broad interpretation would be inconsistent with the Supreme Court's command that the statute should be construed in a limited manner." *Snyder v. Smith*, 7 F.Supp.3d 842, 850 (S.D. Ind. 2014). Unsurprisingly, every court in this Circuit to consider such a theory has rejected it as falling outside the requirement that a section 1985(3) plaintiff belong to a protected class. *See Safari Childcare Inc. v. Penny*, 17-CV-08547, 2024 WL 4145754, at *6 (N.D. Ill. Sept. 11, 2024) (holding that a section 1985(3) claim "does not extend, however, to class-of-one equal protection claims."); *Cox v. True*, 17-CV-0338-JPG, 2017 WL 3057605, at *8 (S.D. Ill. July 19, 2017) ("Plaintiff cannot proceed under § 1985(3) as a class-of-one"); *Hamilton v. Cnty. of Dane*, No. 22-CV-504, 2023 WL 3721480, at *3 (W.D. Wis. May 30, 2023) ("Under settled law, the equal protection violation necessary to predicate a § 1985(3) claim must be a race-based or other class-based violation, not a class-of-one violation.").

Plaintiff's reliance on *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) does not save his claims or establish the viability of his class-of-one theory. While *Olech* provides that class of one allegations suffice under section 1983, the same does not hold true under section 1985 because section 1985 requires class-based discrimination. Since *Olech,* and as noted above, courts in this Circuit have confirmed that section 1985(3) claims still require class-based discrimination to survive dismissal. And because Plaintiff admittedly cannot allege any form of class-based discrimination, he cannot state a cause of action under § 1985(3).

## IV. Plaintiff is Not Entitled to Prospective Relief.

Plaintiff's prayer for relief seeks prospective relief from the Beermann Defendants, and the only ongoing injury he identifies is the extent filing restriction, which "remains in effect against Plaintiff today." (ECF No. 39, PageID #609.) Plaintiff is not entitled to prospective relief from the Beermann Defendants because they cannot "undo" state court orders. While their prior advocacy gave rise to the order Plaintiff complains of, suing his opponent's former attorneys will not make that order disappear.

Prospective relief also requires a "real and immediate" threat of future injury; "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). There is no such threat here from the Beermann Defendants.

## V. Alternatively, this Court Should Abstain from Addressing Plaintiff's Claims.

Page 7

While the Beermann Defendants believe Plaintiff's claims can be dismissed under 12(b)(6), independently, abstention requires dismissal. Every act Plaintiff attributes to these Defendants occurred within the state domestic-relations proceeding: the relocation filing, the request for a filing restriction, and their court appearances. There is no extrajudicial conduct to separate from that proceeding, and Plaintiff's contrary assertion that their conduct "occurred outside any formal judicial proceeding" (ECF No. 39, PageID #608) is refuted by his own Complaint. In *J.B. v. Woodard*, the Seventh Circuit held that a federal court should abstain from adjudicating § 1983 claims that would "inject a federal court into a contested and ongoing family court custody dispute," and that abstention is proper where the requested judgment would be used "affirmatively or offensively to shape . . . the direction and course of the state court proceedings." 997 F.3d 714, 722–24 (7th Cir. 2021). The court does not demand "literal perfection" in fitting a case to a particular abstention category. *Id.* at 723. Plaintiff's reliance on *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), does not change this; *Woodard* postdates *Sprint* and rests on the broader principles of comity and federalism. Plaintiff's insistence that the restriction "remains in effect against Plaintiff today" confirms that the relief he seeks would require this Court to undermine a live state-court order governing ongoing family-law litigation. *Rooker-Feldman* squarely forecloses such relief. *See T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. \_\_\_, No. 25-197, slip op. at 1, 8, 18 (June 18, 2026) (confirming *Rooker-Feldman* bars federal court review of state court orders, irrespective of whether state appellate review remains available).

## VI.    Counts V and VI Fail as Freestanding Causes of Action.

Plaintiff concedes that Counts V and VI "as pled require amendment." (ECF No. 39, PageID #609.) Count V seeks a declaration that *Rooker-Feldman* does not bar Plaintiff's claims. (Compl. ¶¶ 107–108). This Court cannot grant such relief as the Declaratory Judgment Act "is not an independent source of federal subject matter jurisdiction" and requires an independent jurisdictional basis. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008). With Plaintiff's substantive federal claims subject to dismissal, no live controversy remains for a declaration to resolve.

Count VI seeks injunctive relief, which "is a remedy, not a cause of action, and thus should not be pleaded as a separate count." *Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 n.4 (7th Cir. 2019). Recasting declaratory and injunctive relief as remedies would not save the Complaint, because Plaintiff alleges no viable substantive claim and cannot seek prospective relief from these Defendants.

## VII.   Amendment Would Be Futile.

Plaintiff failed to heed this Court's instructions and chose to litigate this Motion to Dismiss rather than amending. His Complaint promised a supplement to the record with specific factual allegations, but he never made good on his promise. (Compl. ¶ 120). Leave to amend now should be denied, especially where doing so would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

Plaintiff's Response previews the facts he proposes to add. None cure the fundamental defects outlined in the Beermann Defendants' Motion and this Reply. Plaintiff's claims should therefore be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and those set forth in their Motion, Defendants Thomas T. Field and Jonathan D. Steele respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, and grant them such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BEERMANN LLP**

*/s/ Matthew D. Elster*
Attorney for Defendants Field and Steele

**BEERMANN LLP**
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
(312) 621-9700
mdelster@beermannlaw.com

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of June, 2026, I caused a true and correct copy of the foregoing to be filed and served upon all counsel and parties of record via the Court's CM/ECF system, and served upon Plaintiff, Edward Engels, pro se, by electronic mail at eddie@e2brands.net.

/s/ Matthew D. Elster