## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD ENGELS, on behalf of himself and minor child E.R.E, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 26-cv-00359 |
| v. | ) ) | Honorable Georgia N. Alexakis |
| FELIZA CASTRO; ROSS MORREALE; PAMELA KUZNIAR, Court-Appointed Guardian Ad Litem; DR. DAVID FINN, Court-Appointed Evaluator; THOMAS FIELD; JONATHON STEELE; HON. PAMELA E. LOZA | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT KUZNIAR'S REPLY IN SUPPORT OF HER MOTION TO DISMISS

NOW COMES, Defendant Pamela Kuzniar, Court-Appointed Guardian ad litem ("Defendant Kuzniar" or "GAL Kuzniar"), by and through her undersigned counsel, and for her Reply in Support of her Motion to Dismiss (ECF #37) Plaintiff's "Emergency Motion for TRO" (the "Complaint," ECF #13), and in response to Plaintiff's Response to Defendant Kuzniar's Motion to Dismiss (ECF #73), states as follows:

### I.    INTRODUCTION

Plaintiff's Response does not — because it cannot — dispute the dispositive legal proposition that dooms the Complaint: guardians ad litem are absolutely immune from suit for conduct undertaken within the scope of their court-appointed duties. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009).[1] Rather than confront that immunity head-on, Plaintiff attempts three things, none of which succeeds. First, Plaintiff merely re-iterates (or adds) to the impermissible,

---

[1] Plaintiff cites "Cooney v. Rossiter, 986 N.E. 2d 1131 (Ill. App. Ct. 2013). (Resp. (ECF #73) at p. 5). A search of "986 N.E. 2d 1131" in Lexis directs the user to "*State v. Hudson*, 2013-Ohio-647 (3d Dist. 2013)." Thus, it unclear what *Cooney v. Rossiter* case Plaintiff's Response relies upon. Nonetheless, the Response's *Cooney* analysis is erroneous and fails to rebut the arguments of the Motion to Dismiss.

conclusory allegations from the Complaint in an attempt to avoid the reality that Defendant Kuzniar is immune from this suit – that is, Plaintiff concludes that that GAL Kuzniar "disregarded evidence" or "acted outside the scope of her statutory authority" — as if repetition and volume could transform them into well-pled facts. Second, Plaintiff attaches dozens of pages of new exhibits, videos, and factual narrative that appear nowhere in the operative Complaint and are not properly before the Court on this Motion (none of which, even if considered, would alter the relevant analysis because the purported conduct of persons other than GAL Kuzniar do not impact the immunity analysis). Third, Plaintiff simply ignores several of GAL Kuzniar's arguments altogether, including the argument that Count IV fails to allege any class-based discriminatory animus required under Section 1985(3). None of this changes the result. The Complaint should be dismissed with prejudice.

II.     **ARGUMENT**

A. GAL Kuzniar Is Absolutely Immune From Suit.

There can be no dispute that the law recognizes absolute quasi-judicial immunity for a guardian ad litem's discretionary, evaluative conduct undertaken within the scope of her appointment. Plaintiff, in his Response brief, merely concludes and argues that GAL Kuzniar's purported conduct is "outside the legitimate scope" of her appointment. But merely labeling GAL Kuzniar's recommendations and evaluative judgments as "outside the scope of her statutory authority" does not make them so. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("mere conclusory statements" do not suffice to withstand a Rule 12(b)(6) motion). Every act Plaintiff identifies in his Response — crediting or discrediting drug-testing evidence, evaluating the findings of a court-appointed pharmacologist, deciding what information to report and how to characterize it, and deciding whether and how to appear at hearings — is a exercise of the discretionary, evaluative

2

function that *Cooney* protects. It is only where a guardian ad litem steps entirely outside her agency to engage in something like self-dealing that immunity may be lost. *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006). Plaintiff identifies no such self-dealing here — only disagreement with how GAL Kuzniar exercised her judgment.

Plaintiff's Response also attempts to bolster the Complaint with new exhibits and purported new allegations that are not referenced in, attached to, or incorporated by reference in the operative Complaint. On a motion to dismiss, the Court's review is confined to the four corners of the Complaint, exhibits attached to or incorporated by reference in the Complaint, and matters subject to judicial notice. Plaintiff cannot amend the Complaint through argument and exhibits submitted for the first time in a response brief, and this new material has no bearing on whether the Complaint, as filed, states a claim.

Regardless, even accepting Plaintiff's new and conclusory allegations (which largely have nothing to do with GAL Kuzniar) as true for the sake of argument, it does not establish self-dealing or any other conduct falling outside GAL Kuzniar's protected function. Submitting a proposed order concerning drug-testing protocols for the court's consideration and appearing (or not appearing) at hearings concerning the minor child are components of a guardian ad litem's role in advising the court — not extrajudicial misconduct. Plaintiff's frustration that GAL Kuzniar's substantive recommendations differed from what he wanted is the precise scenario *Cooney* forecloses and the Complaint should be dismissed.

### B. Plaintiff Cannot State a Section 1983 Claim; GAL Kuzniar is a Not a State Actor.

Plaintiff does not dispute that a guardian ad litem is not, by virtue of that appointment alone, a state actor under Section 1983. *Bach v. Milwaukee Cnty. Cir. Ct.*, 565 F. App'x 531, 533 (7th Cir. 2014). Plaintiff instead invokes a "joint action" theory under *Lugar v. Edmondson Oil*

3

*Co.*, 457 U.S. 922, 937 (1982), and *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), arguing that GAL Kuzniar's submission of a proposed testing order and an appearance before Judge Loza amount to a corrupt conspiracy to control what the court signed. But *Dennis* requires a corrupt agreement between a private party and a judicial officer to reach a predetermined result — not the ordinary act of a guardian ad litem communicating recommendations to the court she serves. *Dennis,* 449 U.S. at 28 ("…the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge. Under these allegations, the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability."). Here, Plaintiff alleges no facts, beyond speculation and characterization, suggesting that GAL Kuzniar and any Judge reached any corrupt agreement, as opposed to GAL Kuzniar simply performing her assigned advisory function. Bare allegations of "off-record coordination," an unspecified "long-standing pattern," or an ex parte appearance, without more, are the same conclusory conspiracy allegations this Circuit has repeatedly held insufficient to plead joint action. (*See,* Mot. (ECF #37), pp. 7-9) (collecting cases, including *Cooney*, 583 F.3d at 971; *Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir. 1998); *Spiezer v. Dickler*, 2020 WL 586932, *4–5 (N.D. Ill. Feb. 6, 2020)).

C. Plaintiff Has Conceded That Count IV Fails to State a Section 1985(3) Claim.

Plaintiff's Response does not address GAL Kuzniar's argument that Count IV fails because the Complaint alleges no "racial, or perhaps otherwise class-based, invidiously discriminatory animus," as required to state a claim under 42 U.S.C. § 1985(3). *Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992). By failing to respond to this argument, Plaintiff has waived any opposition to it and Count IV should be dismissed for this independent and unrebutted reason, in addition to Plaintiff's failure to plead a conspiracy or any cognizable deprivation of rights.

4

D. Rooker-Feldman and Related Abstention Doctrines Still Bar This Action.

Plaintiff cannot dispute that this action arises out of, and remains inextricably intertwined with, the underlying State Court Proceedings; the Complaint and State Court Proceedings' record make this reality clear. Plaintiff's reliance on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), does not help him: *Rooker-Feldman* applies where, as here, a plaintiff complains of injuries stemming from decisions made in state-court custody proceedings and asks a federal court to second-guess the process that produced them. Plaintiff's own Response confirms the point, repeatedly tying GAL Kuzniar's alleged misconduct to specific hearings, orders, and rulings — including the reinstatement of parenting time and the entry of testing protocols — that Plaintiff contends should have come out differently. Relabeling this as an attack on "process" rather than "outcome" does not change the relief Plaintiff actually seeks: a federal referendum on how the state court reached its custody and parenting-time decisions. GAL Kuzniar reiterates and incorporates by reference the *Rooker-Feldman*, *Younger* abstention, domestic relations exception, and *Burford*/*Colorado River* abstention arguments set forth in the Motion and adopted from her Co-Defendants' briefing. (*See,* Mot. (ECF #37) at pp. 10-11).

E. Leave to Amend Should Be Denied Because Amendment Would Be Futile.

To the extent Plaintiff's Response makes a request for leave to amend, that request should be denied. Leave to amend need not be granted where amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). Nothing in any purported or proposed amendment (*i.e.*, additional, conclusory allegations or characterizations of the underlying State Court Proceedings) can cure the defects identified above and in the Motion. Indeed, no such purported or proposed amendment could transform GAL Kuzniar's protected discretionary, evaluative conduct into unprotected self-dealing, cannot supply

5

341639989v.1

the class-based discriminatory animus that Section 1985(3) requires, and cannot remove this action from the reach of *Rooker-Feldman* and the other abstention doctrines that independently bar it. Because no amendment can cure these threshold defects, dismissal with prejudice is warranted.

### III.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in her Motion to Dismiss, Defendant Kuzniar respectfully requests that this Court disregard the new factual allegations and exhibits raised for the first time in Plaintiff's Response, grant the Motion, and dismiss the Complaint against her with prejudice.

WHEREFORE, Defendant Pamela Kuzniar, Court-Appointed Guardian ad Litem, respectfully requests that this Court enter an ORDER: (1) granting this Motion; (2) dismissing the Complaint, with prejudice, under Rule 12(b)(6) and/or dismissing the Complaint under Rule 12(b)(1); and (3) granting any other appropriate relief.

Respectfully submitted,

**Pamela Kuzniar, Court-Appointed Guardian ad Litem**

By: /s/ Robert F. Merlo
Robert F. Merlo (Robert.merlo@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
161 N. Clark, Suite 4500
Chicago, IL 60601
(312) 821-6170
Her Attorney

6

341639989v.1

CERTIFICATE OF SERVICE

I certify that on this 4th Day of August, 2026, service of a true and accurate copy of the above and  foregoing was made upon the parties and attorneys of record and those entitled to receive notice  via ECF.

Respectfully submitted,

By: /s/ Robert F. Merlo
Robert F. Merlo (Robert.merlo@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
161 N. Clark, Suite 4500
Chicago, IL 60601
(312) 821-6170
Attorney for Defendant Kuzniar

7

341639989v.1