**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD ENGELS, on behalf of himself and Minor child E.R.E, | ) | |
| *Plaintiff*, | ) | Case No. 26-CV-00359 |
| *v.* | ) | Honorable Georgia N. Alexakis |
| FELIZA CASTRO, et al., | ) | |
| *Defendants*. | ) | |

**DEFENDANTS FELIZA CASTRO AND ROSS MORREALE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Feliza Castro and Ross Morreale ("Defendants"), by and through their attorneys, Leinenweber Daffada & Sansonetti, LLC, and for their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal Rule of Civil Procedure 65, Federal Rule of Civil Procedure 19, and the Statute of Limitations, states as follows:

**I. Introduction**

Plaintiff attempts to convert years of unfavorable domestic-relations litigation into a federal civil-rights action by alleging that nearly every participant in the underlying custody proceedings including judges, attorneys, court appointed professionals, and the child's mother and her partner, were members of a sweeping conspiracy. As to Defendants Castro and Ross Morreale, however, the Complaint alleges only the conduct of private parties engaged in domestic litigation. It contains no well-pleaded facts establishing state action, a plausible conspiracy, or any viable claim under §§ 1983 or 1985. The Complaint should therefore be dismissed with prejudice.

**II. Background and Defendants Alleged Role**

The allegations against Defendants Feliza Castro and Ross Morreale arise almost entirely from their participation in the underlying domestic-relations proceedings and Plaintiff's disagreement with the outcome of those proceedings. Plaintiff alleges that Castro is the mother of the parties' minor child and that she sought relocation, pursued custody-related relief, retained counsel, and participated in the underlying litigation. The Complaint further alleges that Castro struggled with substance abuse, received favorable treatment from court-appointed professionals and the state court, and sought to relocate the minor child first to California and later to a boarding school in Europe. (Compl. ¶¶ 26-55, pp. 7-11).

As to Defendant Ross Morreale, the Complaint alleges that he is Castro's "on again off again paramour," resides in Florida, and was involved in Castro's efforts to relocate the minor child. (Compl. ¶ 17, p. 5; ¶¶ 69-83, pp. 15-18). The Complaint further alleges that Castro and Morreale operated a separate "Healing Clinic Enterprise" involving fraudulent medical cannabis certifications with Dr. Jonathan Spero. (Compl. ¶¶ 61-64, pp. 13-14).

Beyond these allegations, Plaintiff repeatedly groups Castro and Morreale together with every other defendant and asserts, in conclusory fashion, that they participated in a broad "Judicial Enterprise" or conspiracy to deprive Plaintiff of his constitutional rights. (Compl. ¶¶ 57-60, pp. 12-13). The Complaint, however, contains few factual allegations describing any specific conduct by Castro or Morreale that plausibly establishes they acted under color of state law or entered into an agreement with any state actor to violate Plaintiff's constitutional rights.

## III. Causes of Action

The Complaint asserts the following causes of action against Defendants Castro and Morreale:

- **Count I – 42 U.S.C. § 1983** (Violation of Fourteenth Amendment Due Process Rights);
- **Count II – 42 U.S.C. § 1983** (Violation of Fourteenth Amendment Equal Protection);

- **Count III – 42 U.S.C. § 1985(3)** (Civil Conspiracy);
- **Count IV – Declaratory Judgment**;
- **Count V – Permanent Injunction and Temporary Restraining Order.**

Although each count purports to be asserted against all Defendants, the Complaint largely incorporates all preceding allegations by reference and does not identify which specific factual allegations support each claim against Castro or Morreale individually. Instead, Plaintiff relies on generalized allegations directed collectively at "Defendants" and conclusory assertions that Castro and Morreale participated in a broader "Judicial Enterprise" or conspiracy.

## IV. Argument

A motion brought pursuant to Federal Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826-27 (7th Cir. 2015). While this Court accepts all well pled factual allegations as true, a plaintiff must do more than simply recite the elements of the claim in order to survive dismissal. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter that, when accepted as true, states a claim to relief that is facially valid. *Id*. It must plausibly suggest plaintiff's right to relief beyond a speculative level. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

### a. Plaintiff's Complaint Fails to Satisfy the Pleading Requirements of Rules 8(a) and 12(b)(6).

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, it requires more than "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must allege sufficient factual matter to state a claim that is plausible on its face and permit the Court to draw a reasonable inference that each defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

The Complaint fails to satisfy these basic pleading requirements. Rather than pleading specific facts showing how Defendants Castro and Morreale allegedly violated Plaintiff's constitutional rights, Plaintiff repeatedly groups all defendants together under collective references such as "Defendants," the "Judicial Enterprise," and the "Healing Clinic Enterprise," while incorporating virtually every preceding allegation into every subsequent count. The Complaint further attributes broad categories of misconduct including conspiracy, suppression of evidence, witness intimidation, judicial corruption, retaliation, and constitutional violations to all defendants collectively without identifying which defendant allegedly committed which act or explaining how Castro or Morreale individually participated in the alleged misconduct. Such collective pleading deprives Castro and Morreale of fair notice of the claims asserted against them and the factual basis for those claims. Rule 8 requires factual allegations, not speculation or conclusory accusations.

Because the Complaint fails to distinguish the conduct allegedly attributable to Castro and Morreale from that of the numerous other defendants, and because it relies almost entirely upon generalized allegations and legal conclusions rather than well-pleaded facts, it fails to satisfy Rule 8 and necessarily fails to state a plausible claim for relief under Rule 12(b)(6). Accordingly, because the Complaint relies upon collective allegations and legal conclusions rather than well-

pleaded facts demonstrating the individual conduct of Castro and Morreale, it fails to satisfy the pleading requirements of Rule 8 and the plausibility standard articulated in *Twombly* and *Iqbal.* Dismissal pursuant to Rule 12(b)(6) is therefore warranted.

**b. Plaintiff Fails to State a Claim Under § 1983 Because Castro and Morreale Are Private Parties Not Acting Under Color of State Law.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a constitutional right by a person acting "under color of" state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The under-color-of-state-law requirement excludes "merely private conduct, however discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Although private conduct ordinarily falls outside § 1983, it may constitute state action when private actors "conspire or are jointly engaged with state actors to deprive a person of constitutional rights." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009).

The Seventh Circuit's decision in *Cooney v. Rossiter* is particularly instructive. There, the plaintiff alleged that private individuals, including a guardian ad litem and a court-appointed psychologist, conspired to deprive them of their constitutional rights during domestic-relations proceedings. The Seventh Circuit affirmed dismissal of the complaint, explaining that private persons may be brought within reach of § 1983 only through facts plausibly showing that they agreed with a state officer to deprive the plaintiff of constitutional rights, and that a bare allegation of conspiracy is insufficient to state a claim under § 1983. *Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009).

Here, Plaintiff's own Complaint establishes that Castro and Morreale are private individuals. Plaintiff alleges that Castro is the mother of the parties' minor child and that Morreale is Castro's "on again off again paramour." The specific conduct attributed to Castro consists of

participating in custody proceedings, seeking relocation of the minor child, retaining counsel, pursuing parenting-related relief, and allegedly participating in the so-called "Healing Clinic Enterprise." As to Morreale, Plaintiff alleges only that he resides in Florida, is associated with Castro, participated in the alleged Healing Clinic Enterprise, and assisted Castro in attempting to relocate the minor child.

None of these allegations constitute action under color of state law. Seeking custody, requesting relocation, retaining counsel, participating in judicial proceedings, advocating litigation positions, or maintaining a personal relationship with another litigant are quintessentially private activities. Even accepting every factual allegation as true, Plaintiff alleges only that Castro and Morreale participated in contentious domestic-relations litigation and allegedly benefited from decisions rendered by the state court. Such allegations do not transform private conduct into state action.

Plaintiff repeatedly asserts that Castro and Morreale were members of a "Judicial Enterprise" and conspired with judges, attorneys, court-appointed professionals, and other defendants to deprive him of his constitutional rights. However, as in *Cooney*, these allegations are entirely conclusory. The Complaint identifies no facts demonstrating an agreement between Castro or Morreale and any state actor, no communications establishing a meeting of the minds, and no coordinated conduct plausibly suggesting joint action under § 1983.

Because the Complaint alleges only private conduct by Castro and Morreale and fails to plead facts plausibly establishing that either Defendant acted under color of state law, Plaintiff has failed to state a claim under 42 U.S.C. § 1983. Accordingly, Counts I and II should be dismissed with prejudice.

**c. Plaintiff Fails to State a Claim Under § 1985.**

Plaintiff's claim under 42 U.S.C. § 1985 fails as a matter of law because the Complaint does not allege that any Defendant acted with the class-based, invidiously discriminatory animus required to state a claim under the statute.

To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property, or a deprivation of a right or privilege of a citizen of the United States. *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). Critically, the alleged conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Green*, 281 F.3d at 665.

Plaintiff also fails to allege facts plausibly establishing an agreement among Defendants or identifying overt acts attributable specifically to Castro or Morreale. Instead, Plaintiff relies upon generalized conspiracy allegations incorporated throughout the Complaint. Such conclusory allegations are insufficient under *Twombly* and *Iqbal*. Further, Plaintiff does not allege that Castro, Morreale, or any other Defendant acted because of Plaintiff's race or membership in any protected class. Instead, the Complaint alleges that Defendants acted out of bias arising from contentious domestic-relations litigation and a purported effort to influence custody proceedings. Those allegations, even if accepted as true, do not constitute the type of class-based discriminatory animus required to state a claim under § 1985(3). Personal animosity, adverse litigation positions, or dissatisfaction with state-court proceedings do not satisfy § 1985's class-based animus requirement. Because Plaintiff has failed to plead this essential element, Count III fails as a matter of law and should be dismissed.

**d. Defendants Join and Adopt Co-Defendants' Various Arguments In Support of Dismissal.**

In the interest of judicial economy, Defendants join and incorporate, to the extent applicable, the arguments advanced in the motions to dismiss filed by their co-defendants. (Def. Kuzniar's MTD at ECF #37; Defs. Field and Steele MTD at ECF #24; Def. Finn's MTD at ECF #22).

First, for the reasons set forth in the motion to dismiss of Defendants Field and Steele, Plaintiff cannot maintain any claims on behalf of his minor daughter, E.R.E. (ECF #24, p. 3). Second, for the reasons set forth in the motion to dismiss of Defendants Field and Steele, Plaintiff's request for declaratory relief fails. (ECF #24, p. 8).

Third, Plaintiff's prayer for injunctive relief fails as a matter of substance and procedure. (ECF #37, p. 10-11; ECF #24, p. 8-9 (through sub-section (i)), p. 10-11 sub-sections II (iii)-(iv); ECF #22, p. 3-5). Fourth, the following doctrines bar the Complaint: (1) *Rooker-Feldman* (ECF #22, p. 7-8; ECF #24, p. 11-12); (2) *Younger* abstention (ECF #24, p. 12-13; ECF #22, p. 8-9); (3) the domestic relations exception (ECF #24, p. 13-14); and (4) the *Burford* and *Colorado River* abstention doctrines (ECF #24, p. 14-15).

Fifth, Plaintiff has not, and cannot, plead an equal protection claim. (ECF #22, p. 9-10). Finally, dismissal of the Complaint should be with prejudice because "it is clear amendment would be futile." (ECF #24, p. 15; citing, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.,* 786 F.3d 510, 519-20 (7th Cir. 2015).

## V. Conclusion

Because Plaintiff cannot transform private domestic-relations litigants into state actors through conclusory allegations of conspiracy, amendment would be futile and dismissal should be with prejudice.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and grant them such other and further relief as this court deems just and proper.

Dated: August 5, 2026,

Respectfully Submitted,

*Attorney for FELIZA CASTRO and ROSS MORREALE*

/s/ Thomas More Leinenweber

Thomas More Leinenweber
John R. Stortz
120 North LaSalle Street
Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com
jrs@ilesq.com

## CERTIFICATE OF SERVICE

I, John Stortz, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on, August 5, 2026, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

/s/ John R. Stortz
John R. Stortz