BC

FILED
8/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AW

EDWARD ENGELS,

Plaintiff,

v.

FELIZA CASTRO, ROSS MORREALE, PAMELA KUZNIAR, DR. DAVID FINN, THOMAS FIELD, JONATHAN STEELE

Defendants.

Case No. 1:26-cv-00359

Hon. Georgia N. Alexakis,

Judge Presiding.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS FELIZA CASTRO AND ROSS MORREALE'S MOTION TO DISMISS**

Plaintiff Edward Engels, pro se, on behalf of himself and minor child E.R.E., respectfully submits this Response in Opposition to Defendants Feliza Castro and Ross Morreale's Motion to Dismiss Plaintiff's Complaint, and in support states as follows:

## I. INTRODUCTION

Defendants' Motion recasts a complaint alleging specific, coordinated conduct between private parties and state actors as a mere disagreement with the outcome of state-court litigation. It is not. Plaintiff does not allege that Castro and Morreale are liable simply because they participated in custody proceedings, retained counsel, or prevailed on contested motions. Plaintiff alleges that Castro and Morreale acted jointly with state actors — including Guardian ad Litem Pamela Kuzniar, custody evaluator Dr. David Finn, and attorneys Thomas Field and Jonathan Steele — to bring about specific deprivations of Plaintiff's constitutional rights, including the December 17, 2024 order restricting Plaintiff's ability to file pleadings without leave of court, an order entered the same day opposing

counsel filed pleadings before the same judge without restriction. Under controlling Supreme Court and Seventh Circuit authority, that is sufficient to state a claim, and dismissal is not warranted.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the ultimate merits of the case. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint survives dismissal so long as it states a claim to relief that is plausible on its face — it need not prove its case at the pleading stage, nor rule out every alternative explanation for the defendants' conduct. Twombly, 550 U.S. at 556. Because Plaintiff proceeds pro se, the Complaint is additionally entitled to liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. ARGUMENT

### A. The Complaint Alleges Specific, Non-Conclusory Facts Sufficient Under Rule 8 and Iqbal/Twombly

Defendants characterize the Complaint as relying on undifferentiated “group pleading” against all Defendants collectively. That characterization does not withstand scrutiny of the Complaint's actual content. As to Castro and Morreale specifically, the Complaint alleges the following particularized facts: Castro pursued relocation of the minor child in a sequence that tracked favorable rulings and conduct by court-appointed professionals and the state court; the December 17, 2024 order restricting Plaintiff's ability to file pleadings without leave of court was entered the same day opposing counsel filed freely before the same judge; and Morreale participated directly in Castro's relocation effort during the same period those proceedings were advancing in Castro's favor.

Rule 8 does not require Plaintiff to plead his case with the specificity of a trial brief; it requires only enough factual content to allow the Court to draw the reasonable inference that each Defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. The Complaint's incorporation of common factual background by reference, standing alone, is not “impermissible group pleading” where — as here — the Complaint also identifies which specific conduct is attributable to which Defendant, including the specific allegations against Castro and Morreale set forth at paragraphs 17 and 26–55, 61–64, and 69–83 of the Complaint, which Defendants' own Motion acknowledges and quotes. Indeed, Defendants' own Motion concedes that Castro “received favorable treatment from court-appointed professionals and the state court” — the very coordination Plaintiff alleges, offered here as an admission against interest.

**B. The Complaint Adequately Alleges That Castro and Morreale Acted Under Color of State Law**

Defendants argue that Castro and Morreale, as private individuals, cannot be liable under 42 U.S.C. § 1983. That is incorrect as a categorical matter. A private party acts “under color of” state law for § 1983 purposes when the private party is a “willful participant in joint action with the State or its agents.” Dennis v. Sparks, 449 U.S. 24, 27–28 (1980); Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982). Where a private party conspires or jointly acts with a state officer to deprive a person of constitutional rights, the private party is subject to § 1983 liability notwithstanding its private status. Tower v. Glover, 467 U.S. 914, 920 (1984); Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 815 (7th Cir. 2009).

Notably, in Dennis itself, the state judge who issued the challenged injunction was entitled to absolute judicial immunity — yet the Supreme Court held that the private parties who conspired with him to obtain that injunction remained subject to suit under § 1983. 449

U.S. at 31. The same principle applies with equal force here: even if this Court concludes that certain state-actor Defendants (such as the Guardian ad Litem or other court-appointed professionals) are entitled to quasi-judicial or other immunity, that immunity does not extend to Castro and Morreale, who are private parties alleged to have jointly participated in the conduct giving rise to Plaintiff's claims.

Defendants' reliance on Cooney v. Rossiter, 583 F.3d 967 (7th Cir. 2009), is misplaced. In Cooney, the Seventh Circuit affirmed dismissal of private-party defendants only because the plaintiff's complaint offered nothing beyond a bare, conclusory allegation of “numerous conspiratorial acts,” without any factual detail describing an actual agreement between the private defendants and a state officer. Id. at 971. The Complaint here is materially different: it alleges that Castro's pursuit of relocation proceeded in tandem with favorable rulings from court-appointed professionals and the state court — including the timing of the December 17, 2024 filing restriction — and that Morreale participated directly in the relocation effort those same proceedings advanced. Because the Complaint alleges specific facts — not labels — tying Castro and Morreale to the alleged joint conduct, Cooney does not compel dismissal here.

### C. Plaintiff's Section 1985(3) Claim [Count III]

Section 1985(3) requires that the alleged conspiracy be motivated by racial or other class-based, invidiously discriminatory animus. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002). Should the Court conclude that Count III does not satisfy this element as to Defendants Castro and Morreale, Plaintiff respectfully requests that any dismissal of Count III be without prejudice and with leave to amend, while Counts I, II, IV, and V proceed on the state-action theory set forth above, which does not depend on class-based animus.

### D. Defendants' Adopted Threshold Arguments Do Not Warrant Dismissal

Defendants join and adopt arguments raised in co-defendants' motions to dismiss, including Rooker-Feldman, Younger abstention, the domestic-relations exception, and standing to assert claims on behalf of the minor child. Plaintiff incorporates by reference his response to those arguments as set forth in his oppositions to the motions to dismiss filed by Defendants Kuzniar, Field, Steele, and Finn, and further states as follows:

The Rooker-Feldman doctrine is jurisdictionally narrow: it bars only claims that ask a federal district court to review and reject a state-court judgment itself. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It does not bar an independent claim that the process by which a state-court proceeding was conducted violated the plaintiff's constitutional rights, even where the same underlying facts were involved in the state proceeding. Plaintiff's claims challenge that process — the alleged joint conduct depriving him of due process and equal protection through the manner in which proceedings were conducted — not the substantive correctness of any particular custody or relocation ruling, and are not a request that this Court reverse or nullify any state-court judgment.

Similarly, the domestic relations exception to federal jurisdiction is limited to core domestic relations determinations — the issuance of a divorce, alimony, or custody decree itself — and does not bar independent federal constitutional claims arising from the conduct of participants in state proceedings, even where those proceedings concern custody. While the underlying state custody and relocation proceedings remain ongoing, Plaintiff's claims fall within the bad-faith and extraordinary-circumstances exception to Younger abstention, given the alleged pattern of one-sided procedural treatment described above, including the December 17, 2024 filing restriction imposed on Plaintiff alone.

## IV. IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO AMEND

Should the Court find any count deficient as to Defendants Castro or Morreale, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice. Dismissal with prejudice is warranted only where amendment would be futile. Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015). Given the specific factual allegations already before the Court, and Plaintiff's pro se status, amendment would not be futile.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants Castro and Morreale's Motion to Dismiss, or, in the alternative, grant Plaintiff leave to file a Second Amended Complaint as to any count found deficient.

Dated; August 27, 2026

Respectfully submitted,

/s/ Edward Engels

Edward Engels, Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated above, I filed the foregoing document with the Northern District Of Illinois using the Court's electronic filing system, which will send notification of such filing to all counsel of record registered to receive electronic notice in this case.

/s/ Edward Engels

Edward Engels, Plaintiff, Pro Se

Dated; August 27, 2026