**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD ENGELS, | ) | |
| | ) | Case No. 2026 CV 00359 |
| *Plaintiff*, | ) | |
| vs. | ) | |
| | ) | |
| FELIZA CASTRO, et al., | ) | Hon. Georgia N. Alexakis, |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS CASTRO AND MORREALE'S REPLY

Defendants, Feliza Castro and Ross Morreale ("Defendants"), by and through their attorneys, Leinenweber Daffada & Sansonetti, LLC, and for their Reply to Plaintiff's Response in Opposition, states as follows:

### I. Introduction

Plaintiff's Response does not cure the fundamental deficiencies identified in Defendants' Motion to Dismiss. Plaintiff correctly observes that, in certain circumstances, a private party may act under color of state law by jointly acting or conspiring with a state actor. But identifying that legal principle is not enough. Plaintiff must allege facts making it plausible that Castro or Morreale actually entered into an agreement or engaged in joint action with a state actor to deprive Plaintiff of a constitutional right.

Plaintiff's Response confirms that he has not done so. The purportedly "specific" facts Plaintiff identifies are that Castro pursued relocation while receiving favorable rulings or treatment in the underlying domestic-relations proceedings, that an order restricting Plaintiff's ability to file pleadings was entered on the same day opposing counsel filed pleadings, and that Morreale participated in Castro's relocation efforts. These allegations do not plausibly establish an

agreement between either Defendant and a state actor. They describe private litigation activity, favorable outcomes, and temporal proximity, not joint state action.

Plaintiff's attempt to distinguish *Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009), therefore fails. Like the plaintiff in *Cooney*, Plaintiff has not alleged facts plausibly establishing an agreement between the private Defendants and a state actor. Nor does Plaintiff's Response identify the class-based discriminatory animus required to maintain his claim under 42 U.S.C. § 1985(3). Instead, Plaintiff effectively acknowledges that deficiency and asks for leave to amend instead. Accordingly, Plaintiff's Response provides no basis to deny Defendants' Motion to Dismiss.

## II. Argument

Plaintiff's Response does not cure the pleading deficiencies identified in Defendants' Motion to Dismiss. As set forth below, Plaintiff still fails to allege facts establishing that Castro or Morreale acted under color of state law or that the alleged conspiracy was motivated by the class-based discriminatory animus required under § 1985(3).

### a. Plaintiff Still Fails to Allege That Castro or Morreale Acted Under Color of State Law

Plaintiff does not dispute that Castro and Morreale are private individuals. Instead, Plaintiff argues that they may nevertheless be liable under § 1983 because a private person may act under color of state law when he or she is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); see also *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). Defendants do not dispute that general proposition. The defect is that Plaintiff has not alleged facts plausibly establishing that Castro or Morreale actually reached an agreement or engaged in joint action with a state actor.

Plaintiff identifies three purportedly specific facts in support of his theory: (1) Castro's

pursuit of relocation "tracked favorable rulings and conduct by court-appointed professionals and the state court"; (2) the December 17, 2024, order restricting Plaintiff's filing ability was entered on the same day opposing counsel filed pleadings; and (3) Morreale participated in Castro's relocation efforts while those proceedings were advancing in Castro's favor. None plausibly establishes an agreement or joint action with a state actor. At most, these allegations show that Castro received outcomes favorable to her during the domestic-relations proceedings and that Morreale assisted in her private relocation efforts.

That is precisely the deficiency identified in *Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir. 2009). Plaintiff attempts to distinguish *Cooney* by arguing that he has alleged specific facts rather than merely asserting "numerous conspiratorial acts." But the additional facts he identifies still do not plausibly show an agreement. Plaintiff alleges no communication, agreement, or other factual circumstance from which it can reasonably be inferred that Castro or Morreale reached an understanding with a state actor to deprive Plaintiff of his constitutional rights. See *Hallinan*, 570 F.3d at 815. Favorable rulings, temporal proximity, and private participation in a relocation do not fill that gap.

Nor does Defendants' Motion "concede" otherwise. The Motion states that "[t]he Complaint further alleges that Castro . . . received favorable treatment from court-appointed professionals and the state court." That sentence merely summarizes Plaintiff's allegations for purposes of Defendants' Motion to Dismiss; it does not admit those allegations are true or that Castro coordinated with a state actor. Plaintiff's characterization of it as an admission therefore provides no support for his claims. Because Plaintiff alleges no facts plausibly establishing joint action between Castro or Morreale and a state actor, Counts I and II should be dismissed as to both Defendants.

### b. Plaintiff Fails to Defend His 1985(3) Claim

As Plaintiff acknowledges, a claim under § 1985(3) requires that the alleged conspiracy be motivated by "racial or other class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). Yet Plaintiff identifies no allegation in his Complaint that Castro, Morreale, or any other Defendant acted because of Plaintiff's race or membership in another protected class.

Instead, Plaintiff states that, "[s]hould the Court conclude that Count III does not satisfy this element," the Court should dismiss Count III without prejudice and permit Plaintiff to amend. That does not answer Defendants' argument. Plaintiff does not identify a factual allegation satisfying the discriminatory-animus requirement because none exists. As explained in Defendants' Motion, Plaintiff alleges personal bias, favoritism, retaliation, and misconduct arising from contentious domestic-relations proceedings. Those allegations do not constitute the racial or otherwise class-based invidiously discriminatory animus required by § 1985(3). Count III therefore fails to state a claim and should be dismissed.

### c. Plaintiff's Remaining Arguments Do Not Provide a Basis to Deny Defendants' Motion

Defendants' Motion joined and incorporated, to the extent applicable, the threshold arguments raised in the motions to dismiss filed by Defendants Kuzniar, Field and Steele, and Finn. Those arguments include Plaintiff's inability to maintain claims on behalf of his minor child, the deficiencies in Plaintiff's requests for declaratory and injunctive relief, *Rooker-Feldman*, *Younger* abstention, the domestic-relations exception, *Burford* and *Colorado River* abstention, the failure to state an equal-protection claim, and futility of amendment.

Plaintiff responds principally to *Rooker-Feldman*, the domestic-relations exception, and

*Younger* abstention and incorporates his responses to the other Defendants' motions. Defendants likewise rely upon the arguments previously joined in their Motion and the applicable replies of their co-defendants and will not unnecessarily duplicate those arguments here. Plaintiff's characterization of this action as a challenge to the "process" employed in the domestic-relations proceedings rather than to the substantive correctness of particular state-court rulings does not, in any event, cure the independent pleading defects applicable specifically to Castro and Morreale. Regardless of whether one or more jurisdictional or abstention doctrines independently require dismissal, Plaintiff must still state a viable cause of action against these Defendants. For the reasons stated in Defendants' Motion and above, he has not done so.

## III. Conclusion

For the foregoing reasons, and for the reasons stated in Defendants' Motion to Dismiss and the arguments of their co-defendants previously joined and incorporated therein, Defendants Feliza Castro and Ross Morreale respectfully request that this Court dismiss Plaintiff's claims against them with prejudice and grant such other and further relief as this Court deems just and appropriate.

Dated: September 10, 2026,

Respectfully Submitted,

*Attorney for FELIZA CASTRO and ROSS MORREALE*

/s/ John R. Stortz

Thomas More Leinenweber
John R. Stortz
120 North LaSalle Street
Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com
jrs@ilesq.com

## CERTIFICATE OF SERVICE

I, John Stortz, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on Thursday, September 10, 2026, I electronically filed the foregoing document with the Northern District of Illinois using the Court's electronic filing system, which will send notification of such filing to all counsel of record.

/s/ John R. Stortz
John R. Stortz